Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendants,
Los Angeles County, Los Angeles County Sheriff's Department, Sheriff Alex Villanueva

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PATRICIA FERNANDEZ, an individual <br><br> Plaintiff, <br><br> vs. <br><br> LOS ANGELES COUNTY; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; WYATT WALDRON, an individual JOHN ROTH, an individual;SUSAN O'LEARY BROWN an individual; ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County;  and DOES 1 through 10, <br><br> Defendants. | CASE NO. 2:20-cv-09876-DMG (PD) <br><br> [Fee Exempt - Govt. Code §6103] <br><br> **DEFENDANTS, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF ALEX VILLANUEVA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S ENTIRE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** [F.R.C.P. 12(b)(1) and (6)] <br><br> Date:   January 15, 2021 <br> Time: 9:30 a.m. <br> Place:  Courtroom 8C <br> Judge: Hon. Dolly M. Gee |

TO THE COURT, TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF

RECORD:

PLEASE TAKE NOTICE that on January 15, 2021, at 9:30 a.m., or as soon

thereafter as the matter may be heard in Courtroom 8C of the United States District Court,

located at 350 West 1st Street, 8th Floor, Los Angeles, CA 90012, the Defendants,

COUNTY OF LOS ANGELES (also sued and served as the LOS ANGELES COUNTY

1  SHERIFF'S DEPARTMENT), and SHERIFF ALEX VILLANUEVA, will move the Court

2  for an order dismissing the Plaintiff's Complaint pursuant to Federal Rule of Civil

3  Procedure 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief

4  can be granted.

5       This motion shall be supported by this notice, the accompanying Memorandum of

6  Law and upon all pleadings and papers on file herein.

7                    **MEET AND CONFER REQUIREMENT**

8       On November 19, 2020, I served an email upon Plaintiff's counsel expressing my

9  intent to file this motion and outlining the grounds therefore.  On November 20, 2020,

10  Plaintiff's counsel, Ms. Anna Bravir, and I met and conferred telephonically regarding the

11  grounds for the motion.  We were able to resolve some, but not all of the contested issues

12  as a result of that meeting.  Also, in said meeting, Ms. Bravir graciously granted me a one-

13  week extension to December 2, 2020, to file this motion.

14  DATED: December 2, 2020              **NELSON & FULTON**

15

16                         By: s / Amber A. Logan
17                              HENRY PATRICK NELSON
                                AMBER A. LOGAN
18                              Attorneys for Defendants,
                                County of Los Angeles and
19                              Sheriff Alex Villanueva

20

21

22

23

24

25

26

27

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES   ................................................ ii-iii

STATEMENT OF THE FACTS ................................................ 1

MEMORANDUM OF LAW ..................................................... 2

I.    THE COURT SHOULD DISMISS THE PLAINTIFF'S
COMPLAINT AS IT FAILS TO STATE A CLAIM FOR
RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT ..................... 2

A.    THE COMPLAINT FAILS TO STATE A CLAIM FOR
RELIEF AGAINST THE COUNTY OF LOS ANGELES
OR THE SHERIFF IN HIS OFFICIAL CAPACITY ....................... 3

B.    THE COMPLAINT'S FIRST CLAIM FOR RELIEF  FAILS
TO ALLEGE AN EIGHT AMENDMENT VIOLATION ..................... 5

    1.    The First Claim for Relief Fails to Allege an Eighth
Amendment Violation as the Administrative Costs
Challenged are Not Punitive in Nature ................................ 5

    2.    The Plaintiff's Eighth Amendment Claim is Moot as
the Administrative Fees Assessed Challenged by the
Complaint Have Been Paid ......................................... 7

C.    THE COMPLAINT'S SECOND CLAIM FOR RELIEF FAILS
TO ALLEGE A FOURTH AMENDMENT VIOLATION ..................... 8

II.    TO THE EXTENT THAT THE PLAINTIFF CHALLENGES THE
CALIFORNIA LAW PERMITTING THE ASSESSMENT OF THE
ADMINISTRATIVE COSTS, THE COMPLAINT MUST BE
DISMISSED FOR FAILURE TO NOTIFY AND/OR JOIN THE
STATE OF CALIFORNIA A PARTY TO THIS ACTION ................... 10

III.    THE COMPLAINT FAILS TO STATE A CLAIM FOR
DECLARATORY RELIEF .............................................. 10

IV.    COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER THE STATE CLAIMS ........................... 11

V.    CONCLUSION ...................................................... 12

1

## TABLE OF AUTHORITIES

2

**CASES**                                                                                      **Page(s)**

3

*AE ex rel. Hernandez v. Cnty. of Tulare,*
   666 F.3d 631, 637 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4

5

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,*
   300 U.S. 227, 240 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

6

*American States Ins. Co. v. Kearns,*
   15 F.3d 142, 143–144 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7

8

*Ashcroft v Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9

*Austin v. United States*, 509 U.S. 602, 609–610 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10

*Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 9

11

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . 2

12

*Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) . . . . . . . . . . . . 3

13

*Byrd v. Stewart*, 811 F.2d 554, 554–555 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Camara v. Municipal Court of City and County of San Francisco,*
   387 U.S. 523, 528 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14

15

*Chapman v. Houston Welfare Rights Organization* 441 U.S. 600 (1979) . . . . . . . . . . . . . . 3

16

*City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18

*Los Angeles County, Cal. v. Humpheries*, 562 U.S. 29, 38-39 (2010) . . . . . . . . . . . . . . . 11

19

*Kentucky v. Graham*, 473 U.S. 159, 165 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20

*Kescoli v. Babbitt,* 101 F.3d 1304, 130 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 . . . . . . . . . . . . . . . . . . 11

22

*Monell v. Dep't of Soc. Serv's. of City of New York,*
   436 U.S. 658, 690-691 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

23

24

*Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) . . . . . . . . . . . . . 9

25

*People v. Alford,* (2007) 42 Cal.4th 749, 757 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26

*People v. Duenas*, 30 Cal.App.5th 1157, 1164–1165 (2019) . . . . . . . . . . . . . . . . . . . . . . 6

*People v. Fleury*, 182 Cal.App.4th 1486, 1492-1494 (2010) . . . . . . . . . . . . . . . . . . . . . . 6

27

*Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) . . . . . . . . . . . . . . . . . 6

1

# TABLE OF AUTHORITIES

2

**CASES** **Page(s)**

3  United States v. Chadwick, 433 U.S. 1, 9, (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4  United States v. Sabhnani, 599 F.3d 215, 263 n. 19 (2d Cir. 2010) . . . . . . . . . . . . . . . . . 5

5  U.S. v. Leon, 468 U.S. 897, 913–914 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6  West v Atkins, 487 U.S. 42, 48 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7  Zinermon v. Burch, 494 U.S. 113, 129-32 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8

**STATUTES**

9

10  28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1367 (c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1367 (c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11  28 U.S.C. § 2201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4, 9

12  42 U.S.C. § 1984 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Gov't Code §§ 810-895 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13  Gov. Code, § 70373, subd. (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cal. Penal Code §33880 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5-6, 10

14  California Penal Code § 29810 (c) (4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pen. Code, § 1465.8, subd. (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

16

17

18

19

20

21

22

23

24

25

26

27

**STATEMENT OF THE FACTS**

In the year 2009, Plaintiff Ana Patricia Fernandez contends that her husband Manuel Fernandez was a convicted felon prohibited from owning firearms, ammunition, magazines and speed loaders.  Special Agent Alvaro Arreola of the California Department of Justice Bureau of Firearms' reported that their database of Armed Prohibited Persons, revealed that Manuel Fernandez purchased 41 firearms prior to becoming prohibited, but failed to transfer them from his possession pursuant to the terms and conditions of his conviction.  *(Complaint, ¶ 31-32)*

Special Agent Alvaro's report also provided the Los Angeles County Sheriff's Department (hereafter "LASD") received a tip on or about June 10, 2018, indicating that Manuel Fernandez was in possession  of a large collection of firearms.  *(Complaint, ¶ 33).*

On June 11, 2018, Los Angeles County Sheriff's Deputy Wyatt Waldron presented a statement of probable cause to Judge Lisa Chung who issued a warrant for the search of the Fernandez residence.  The June 14, 2018- search resulted in the seizure of more than 400 firearms.  *(Complaint, ¶ 34-35).*

Subsequent seizures of the residence occurred on June 15, June 21, and June 29, 2018.  These searches resulted in the seizure of dozens of additional weapons, ammunition magazines and speed loaders.  *(Complaint, ¶ 36).*  Deputy John Roth reported that a total of 458 firearms were seized from the Fernandez residence.  *(Complaint, ¶ 37).*  Manuel Fernandez was charged with the unlawful possession of the firearms seized, but he passed away on September 27, 2018, before a trial could begin.  *(Complaint, ¶ 38).*

Upon Manuel Fernandez's death, title to the seized firearms transferred to his wife, Plaintiff Ana Fernandez  as the trustee of the Fernandez Trust.  *(Complaint, ¶ 39).*

California Penal Code § 33880 (formerly § 12021.3), permits the County of Los Angeles  to  recover its administrative costs related to taking possession, storing, and releasing firearms seized under the circumstances alleged here.  The LASD assessed a fee of $ 54 per firearm for the return of the firearms seized from Manuel Fernandez for a total

of $24,354.00. *(Complaint, ¶ 39)*.  The Plaintiff attempted to negotiate a reduced fee but the County would not reduce the fee. *(Complaint, ¶ 46)*.

On December 9, 2019, the Plaintiff agreed to pay the fee to have the firearms released to a licensed firearm's dealer to be sold at auction.  Upon receipt of the firearms, the Plaintiff contends that the firearms were poorly stored, resulting in a diminished value of the firearms.  *(Complaint, ¶ 49-50)*.

The defendants, County of Los Angeles, its Sheriff's Department and Sheriff Villanueva hereby move to dismiss all claims and causes of action alleged against them.

## MEMORANDUM OF LAW

### I.

### THE COURT SHOULD DISMISS THE PLAINTIFF'S COMPLAINT
### AS IT FAILS TO STATE A CLAIM FOR RELIEF UNDER
### THE FEDERAL CIVIL RIGHTS ACT

In order to comply with the pleading requirements of the Federal Rules of Civil Procedure, the plaintiff has an "obligation to provide the grounds of his entitlement to relief" by stating facts as opposed to "labels and conclusions and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).  "The factual allegations must be enough to raise a right to relief above the speculative level" and the plain statement must "possess enough heft to show that the pleader is entitled to relief." Id. at pp. 555-557.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v Iqbal, 129 S.Ct. 1937, 1949 (2009).

In the instant case, the complaint must be dismissed as the facts alleged state no cognizable claim under the Federal Civil Rights Act and no claim for declaratory relief against the County of Los Angeles, its Sheriff's Department or Sheriff Villanueva.

/////

/////

A.   **THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE COUNTY OF LOS ANGELES OR THE SHERIFF IN HIS OFFICIAL CAPACITY.**

A claim alleging violation of a right guaranteed by the United States Constitution must be brought under Title 42 U.S.C. § 1983, known as the federal civil rights act, as the constitutional amendments themselves, contain no remedial measures.  Chapman v. Houston Welfare Rights Organization 441 U.S. 600 (1979).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and United States and must show that the alleged deprivation was committed by a person acting under color of state law."  West v Atkins, 487 U.S. 42, 48 (1988).  In order to allege municipal liability under section 1983, the plaintiff must allege that the constitutional deprivation he suffered was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell v. Dep't of Soc. Serv's. of City of New York, 436 U.S. 658, 690-691 (1978).  It is not enough, however, that the plaintiff identify conduct attributable to the municipality.  The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.  Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).  In assigning municipal liability under *Monell,* the courts distinguish an act of a municipal agent without independent authority to establish policy from the act of one authorized to set policy under local law.  Municipal liability under 42 U.S.C. § 1984, hinges upon the act of the municipality's authorized policymaker or of an employee following the policymakers lead.'  "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  Id. at 417.

/////

/////

There must also be enough factual allegations to establish what the relevant policy is, rather than merely stating that a policy caused the violation in question.  *See*, AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)  (finding failure to state claim because complaint only asserted that defendant maintained a policy, custom, or practice of knowingly permitting the violation, but did not provide additional facts regarding the nature of the policy, custom, or practice).

The same standard applies to the Sheriff of Los Angeles County.  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985).

In an official-capacity suit under § 1983, the governmental entity's "policy or custom" must have played a part in the violation of federal law.  42 U.S.C. § 1983. Id. at 166.

The Plaintiff's complaint must be dismissed as it fails to state a claim for relief against the County its Sheriff's Department and the Sheriff of Los Angeles County.  The Complaint contains no factual allegations to support a claim that  an official policy or longstanding custom and practice of the County of Los Angeles lead to a violation of Plaintiff's Constitutional rights.  The Plaintiff alleges that the relevant "policy" was that County of Los Angeles' personnel refused to reduce the  administrative costs "as applied to the Plaintiff."  The Complaint contends that this refusal resulted in the Plaintiff differently from others whose weapons were seized, because of the large number of weapons seized from the Plaintiff's husband.  *(Complaint, ¶ 45)*.  The Complaint further alleges that the manner of the storage and retention of the firearms was in violation of LASD policies described in the Department's "Manual of Policies and Procedures," not in compliance with unconstitutionl policies created by these defendants.  *(Complaint, ¶ 51)*.  There is no allegation that the policies, themselves were unconstitutional.  The Plaintiff alleges that the County's employees failed to implement policies in place or misapplied California law as it applied to them.

These contentions fail to identify any policy created by the County of Los Angeles or its Sheriff's Department which lead to a violation of the Plaintiff's Constitutional rights. The Plaintiff is required to plead facts sufficient to show that the municipality, and municipal officials sued in their official capacities, were the actual constitutional offenders. The complaint fails to do so and must be dismissed.

**B.    THE COMPLAINT'S FIRST CLAIM FOR RELIEF  FAILS TO ALLEGE AN EIGHT AMENDMENT VIOLATION.**

*1.    The First Claim for Relief Fails to Allege an Eighth Amendment Violation as the Administrative Costs Challenged are Not Punitive in Nature.*

The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  Importantly here, the second clause - the Excessive Fines Clause - "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense."  Pimentel v. City of Los Angeles, 974 F.3d 917, 921 (9th Cir. 2020), *citing*, Austin v. United States, 509 U.S. 602, 609–610.  The Eighth Amendment's limitations apply to both criminal and civil proceedings, so long as the fines "can be characterized as punitive...."  United States v. Sabhnani, 599 F.3d 215, 263 n. 19 (2d Cir. 2010).

The Complaint in this case fails to allege an Eighth Amendment violation as the administrative costs assessed under Penal Code section 33880 are not punitive in nature. California Penal Code § 33880 is entitled, "Seizure, impounding, storage, or release of firearm, ammunition feeding device, or ammunition; imposition of charge to recover administrative costs; waiver; post storage hearing or appeal," provides, in pertinent part:

"(a)  City, county or city and county, or a state agency may adopt a regulation, ordinance, or resolution imposing a charge equal to its administrative costs relating to the seizure, impounding, storage, or release of any firearm, ammunition feeding device, or ammunition.

(b)  The fee under subdivision (a) shall not exceed the actual costs incurred for the expenses directly related to the taking possession of any firearm, ammunition feeding device, or ammunition, storing it, and surrendering possession of it to a licensed firearms dealer to be delivered to the owner.

The costs assessed pursuant to this statute are not punitive in nature, but rather are assessed for the purpose of reimbursing the County of Los Angeles for its "*administrative costs* relating to the seizure, impounding, storage or release of any firearm, ammunition feeding device, or ammunition."  Cal. Penal Code §33880 (a).  The plain language of  the statute sets forth its intended purpose.

California cases addressing similar administrative costs, have determined that the costs assessed for funding the California Courts were administrative costs and not punitive in nature.  *See*, People v. Duenas, 30 Cal.App.5th 1157, 1164–1165 (2019) [Government Code section 70373 and Penal Code section 1465.8, which impose court facilities and court operations assessments on every criminal conviction, each provide that the assessment "shall be imposed on every conviction for a criminal offense" except for parking offenses. (Gov. Code, § 70373, subd. (a)(1); Pen. Code, § 1465.8, subd. (a)(1).) Both were enacted as parts of more comprehensive legislation intended to raise funds for California courts. Neither fee is intended to be punitive in nature.  (People v. Alford (2007) 42 Cal.4th 749, 757 (2007) [Pen. Code, § 1465.8]; People v. Fleury, 182 Cal.App.4th 1486, 1492-1494 (2010) [Gov. Code, § 70373].)

In this same vein, Penal Code § 33880 is intended for the law enforcement agencies to recover the administrative costs incurred by the seizure, impounding, storage and release of firearms seized.  The Plaintiff's quarrel with the amount of the fee in this case, does not change the fee from administrative to punitive.  The Complaint alleges that in order to seize the weapons, the Sheriff's Department had to obtain a warrant and search the premises on four separate dates.  During those searches, they seized, cataloged, and impounded 458 firearms.  The complaint admits the atypical nature of  a seizure of this

magnitude, but contends that because the fee was assessed per firearm, the statute changed in character from administrative to punitive.  There are no facts supporting such a contention.

The administrative cost recovery fee is not punitive in nature.  Because the Eighth Amendment only applies to fees that are punitive, the First Claim for Relief in this case states no cause of action under the Eighth Amendment.

2.    *The Plaintiff's Eighth Amendment Claim is Moot as the Administrative Fees Assessed Challenged by the Complaint Have Been Paid.*

Federal courts require that there be an actual case or controversy pending at all stages of the litigation in order to maintain an action.  The courts have no authority to give advisory opinions regarding what the law ought to be or to render decisions upon questions that are moot.  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937).  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000).  Unless the prevailing party can obtain effective relief, any opinion as to the legality of the challenged action would be advisory. Id.  Where the complaint challenges agency action which has already begun and ended, the challenge is moot based on "the well-established rule that a case is moot if the court cannot 'undo what has already been done,'" Kescoli v. Babbitt,  101 F.3d 1304, 130 (9th Cir. 1996).

It appears from the allegations set forth in the complaint that there is no "live" case or controversy pending between the Plaintiff and these defendants.  The gravamen of the Plaintiff's complaint is that the LASD applied the $54 fee for recovery of its administrative costs incurred in recovery, storage and releasing the 451 firearms  as a per firearm charge as opposed to a reduced fee at the Plaintiff's request.  As set forth above, the fee assessed is not assessed for purposed of punishment as required for Eighth Amendment protection, however if it were deemed to be punitive, the plaintiff's complaint is moot.

The Plaintiff has paid the administrative fee assessed by the County and the firearms have been released to a licensed firearm's dealer. *(Complaint, 48-49).* Upon payment of the fee, the Plaintiff has mooted the issue of whether the fee was constitutionally applied to her as opposed to others recovering firearms under the statute. Thus, the Plaintiff's First Claim for Relief is Moot.

**C.     THE COMPLAINT'S SECOND CLAIM FOR RELIEF FAILS TO ALLEGE A FOURTH AMENDMENT VIOLATION.**

The Plaintiff's Second Claim for Relief is alleged under the Fourth Amendment. The Fourth Amendment provides that, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 528 (1967).

A search warrant "provides the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer 'engaged in the often competitive enterprise of ferreting out crime.'" United States v. Chadwick, 433 U.S. 1, 9, (1977). The preference for warrants is most appropriately effectuated by according "great deference" to a magistrate's determination. U.S. v. Leon, 468 U.S. 897, 913–914 (1984). The Supreme Court has held, "[w]here the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.' " Id. at 922-923.

California Penal Code § 29810 (c) (4), entitled: "Persons subject to firearm possession restrictions...relinquishment of firearms requires that "[i]f the court finds probable cause that the defendant has failed to relinquish any firearms as required, the

- 8 -

court shall order the search for and removal of any firearms at any location where the judge has probable cause to believe the defendant's firearms are located."

The Plaintiff's Second Claim for Relief fails to state facts sufficient to constitute a viable cause of action against these defendants.  The Complaint alleges that the weapons seized from Manuel Fernandez were seized pursuant to a warrant issued by Judge Lisa Chung.  The warrant was preceded by an investigation of the California Department of Justice's Bureau of Firearms, information in the Armed Prohibited Persons database and a "tip" to the Los Angeles County Sheriff's Department that Manuel Fernandez was a prohibited person in possession of a large collection of firearms. California law mandated that the firearms be seized under these circumstances.

The Plaintiff's contentions that these defendants can be held liable under the Fourth Amendment for damages to the firearms while seized is also untenable.

"If plaintiff intends to allege that the officers have failed to return the items seized without due process of law, such a procedural due process claim would be barred by <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)." <u>Byrd v. Stewart</u>, 811 F.2d 554, 554–555 (11th Cir. 1987).  An unauthorized deprivation of property, either intentional or negligent, by a government official is not actionable under § 1983 if a meaningful state post-deprivation remedy for the loss is available.  *See*, <u>Zinermon v. Burch</u>, 494 U.S. 113, 129-32 (1990); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  A state's post deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. California law provides an adequate post-deprivation remedy for any property damage claims.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-817 (9th Cir. 1994) (*citing*, *Cal. Gov't Code* §§ 810-895).

Here, whether the Plaintiff's Fourth Amendment challenge is to the seizure itself, or the alleged damage to the seized property, the claim is not viable.  The seizure of the firearms was made pursuant to a warrant as directed by California law, and the plaintiff has

adequate post deprivation remedies under California's Government Claim Presentation

Act, for the alleged diminution in the value of the firearms.

The Second Claim for Relief must be dismissed.

## II.

**TO THE EXTENT THAT THE PLAINTIFF CHALLENGES THE CALIFORNIA LAW PERMITTING THE ASSESSMENT OF THE ADMINISTRATIVE COSTS, THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO NOTIFY AND/OR JOIN THE STATE OF CALIFORNIA A PARTY TO THIS ACTION**

It is unclear whether the Plaintiffs are challenging the constitutional validity of

California Penal Code section 33880 (formerly section 12021.3).  To the extent that

Plaintiff is challenging the Constitutionality of the statue, the defendants contend that the

State of California is required to be noticed per F.R.C.P. section 5.1.  Section 5.1 requires

that a party who files a pleading drawing into question the constitutionality of state statute,

where the state is not included as a party to the action, must promptly serve notice upon the

state attorney general either by certified or registered mail or by sending it to an electronic

address designated by the attorney general for this purpose.  If the Plaintiff challenges the

consitutional validity of the statute itself, the State of California must be notified and

potentially joined as a party to this action.

## III.

**THE COMPLAINT FAILS TO STATE A**

**CLAIM FOR DECLARATORY RELIEF**

Although not listed as a separate claim for relief, the Complaint contends that the

Plaintiff is entitled to a declaratory judgment in this case.  The Declaratory Judgment Act,

codified as 28 U.S.C. § 2201(a), provides in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the
> United States, upon the filing of an appropriate pleading, may declare the
> rights and other legal relations of any interested party seeking such
> declaration, whether or not further relief is or could be sought. Any such
> declaration shall have the force and effect of a final judgment or decree and
> shall be reviewable as such.

The DJA's operation "is procedural only." <u>Aetna Life Ins. Co. of Hartford, Conn. v.</u>
<u>Haworth</u>, 300 U.S. 227, 240, (1937).  A DJA action requires a district court to "inquire
whether there is a case of actual controversy within its jurisdiction." <u>American States Ins.</u>
<u>Co. v. Kearns</u>, 15 F.3d 142, 143–144 (9th Cir.1994).  The pleadings must show a
"substantial controversy, between parties having adverse legal rights, or sufficient
immediacy and reality to warrant the issuance of a declaratory judgment." <u>Maryland Cas.</u>
<u>Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273.  The controversy must be a real and
substantial controversy admitting of specific relief through a decree of a conclusive
character, as distinguished from an opinion advising what the law would be upon a
hypothetical state of facts.  <u>Haworth</u>, 300 U.S. at 240–241, 57 S.Ct. at 464 (citations
omitted).  Furthermore, in order to obtain prospective relief, the Complaint must state a
claim under <u>Monell</u>.  <u>Los Angeles County, Cal. v. Humphries</u>, 562 U.S. 29, 38-39 (2010).

Here, the defendants contend that the Plaintiff's Complaint fails to identify an actual
controversy between the County, its Sheriff's Department  and Sheriff Villanueva and the
Plaintiff under the Federal Civil Rights Act.  The Plaintiff complains that the California
law permitting an assessment of administrative costs was unfairly applied to her after
having paid the costs, and the contention that her property was damaged and suffered a
diminution in value, states no viable claims under the Federal Civil Rights Act. There is
also no factual support for a claim against these defendants under <u>Monell</u>.

There is no declaration of rights to be had, as there is no federal controversy between
these parties regarding the issues alleged.  As such, this claim must also be dismissed.

## IV.

## COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL
## JURISDICTION OVER THE STATE CLAIMS

The plaintiff's 3rd Claim (negligence), 4th Claim (Breach of Bailment), 5th (Tresspass
to Chattels) and 6th (Failure to Train) are alleged under California law.  The complaint
alleges that jurisdiction over these claims is proper under 28 U.S.C. § 1367 because they

are supplemental to the federal "causes of action."  As set forth above, there are no federal statutes or law implicated by the facts alleged in this case.  Once the conclusory allegations are removed, the bare essence of this case sounds in tort law.  Thus, this court should refuse to exercise supplemental jurisdiction over these claims as the state claims predominate.  28 U.S.C. § 1367 (c)(2).  This court should also refuse to exercise supplemental jurisdiction where each of the "federal" claims should be dismissed. 28 U.S.C. § 1367 (c)(3).

## CONCLUSION

For the foregoing reasons, the Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and SHERIFF VILLANUEVA, hereby respectfully request that this Court dismiss Plaintiff's entire complaint and all claims alleged against them.

DATED: December 2, 2020              Respectfully submitted,

                                     **NELSON & FULTON**


                                     By: s / Amber A. Logan
                                         HENRY PATRICK NELSON
                                         AMBER A. LOGAN
                                         Attorneys for Defendants,
                                         County of Los Angeles and
                                         Sheriff Alex Villanueva