Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendants, Los Angeles County, Los Angeles County Sheriff's Department, Sheriff Alex Villanueva, Susan O'Leary Brown

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PATRICIA FERNANDEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; WYATT WALDRON, an individual JOHN ROTH, an individual;SUSAN O'LEARY BROWN an individual; ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County;  and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:20-cv-09876-DMG (PD)<br><br>[Fee Exempt - Govt. Code §6103]<br><br>**DEFENDANT, COUNTY OF LOS ANGELES EMPLOYEE SUSAN O'LEARY BROWN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S ENTIRE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date:   January 15, 2021<br>Time: 9:30 a.m.<br>Place: Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

TO THE COURT, TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 15, 2021, at 9:30 a.m., or as soon

thereafter as the matter may be heard in Courtroom 8C of the United States District Court,

located at 350 West 1st Street, 8th Floor, Los Angeles, CA 90012, the Defendant, SUSAN

O'LEARY BROWN (sued as an employee of the COUNTY OF LOS ANGELES), will

move the Court for an order dismissing the Plaintiff's Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a claim upon which

relief can be granted.

This motion shall be supported by this notice, the accompanying Memorandum of Law and upon all pleadings and papers on file herein.

### MEET AND CONFER REQUIREMENT

On December 7, 2020, Plaintiff's counsel, Ms. Anna Bravir, and I met and conferred telephonically regarding Susan O'Leary Brown's Motion to Dismiss.  We were unable to resolve the disputed issues.

DATED: December 8, 2020                    **NELSON & FULTON**


                                    By: s / Amber A. Logan
                                        HENRY PATRICK NELSON
                                        AMBER A. LOGAN
                                        Attorneys for Defendant,
                                        Susan O'Leary Brown

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    THE PLAINTIFF'S COMPLAINT FAILS TO STATE A
      CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL
      RIGHTS ACT AGAINST THIS DEFENDANT  . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   SUSAN O'LEARY BROWN IS ENTITLED TO
      QUALIFIED IMMUNITY FROM SUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    THE DEFENDANT IS ENTITLED TO QUALIFIED
            IMMUNITY ON PLAINTIFF'S CLAIM FOR A
            VIOLATION OF THE FOURTH AMENDMENT  . . . . . . . . . . . . . . . . . . 5

III.  TO THE EXTENT THAT THE PLAINTIFF CHALLENGES
      THE CALIFORNIA LAW PERMITTING THE ASSESSMENT
      OF THE ADMINISTRATIVE COSTS, THE COMPLAINT MUST
      BE DISMISSED FOR FAILURE TO NOTIFY AND/OR JOIN
      THE STATE OF CALIFORNIA A PARTY TO THIS ACTION  . . . . . . . . . . . . 7

IV.   COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL
      JURISDICTION OVER THE STATE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1

# TABLE OF AUTHORITIES

2  **CASES**                                                                                   **Page(s)**

3  Anderson v. Creighton, 483 U.S. 635, 640 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4  Ashcroft v Iqbal, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5  Balistreri v. Pacifica Police Dept., 901 F.2d 695, 699 (9th Cir. 1990) . . . . . . . . . . . . . . 2

6  Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . 2

7  Blankenhorn v. City of Orange, 485 F.3d 463, 481 n. 12 (9th Cir.2007) . . . . . . . . . . . . 6

8  Camara v. Municipal Court of City and County of San Francisco,
9     387 U.S. 523, 528 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10 Chuman v. Wright, 76 F.3d 292, 294–95 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . 6

11 Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12 Hunter v. Bryant, 502 U.S. 224, 227 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13 Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . 3

14 Maine v Thiboutot, 448 U.S. 1 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16 Pearson v. Callahan, (2009) 555 U.S. 223, 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

17 Torres v. City of Los Angeles, 548 F.3d 1197, 1206 (9th Cir. 2008) . . . . . . . . . . . . . . . 6

18 United States v. Chadwick, 433 U.S. 1, 9, (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

19 U.S. v. Leon, 468 U.S. 897, 913–914 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20 West v Atkins, 487 U.S. 42, 48 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 **STATUTES**

22 28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   28 U.S.C. § 1367 (c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
23 28 U.S.C. § 1367 (c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
24 Cal. Penal Code § 33880 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7
   F.R.C.P. section 5.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25

26

27

1

### **STATEMENT OF THE FACTS**

2      In the year 2009, Plaintiff Ana Patricia Fernandez contends that her husband

3   Manuel Fernandez was a convicted felon prohibited from owning firearms, ammunition,

4   magazines and speed loaders. Special Agent Alvaro Arreola of the California Department

5   of Justice Bureau of Firearms' reported that their database of Armed Prohibited Persons,

6   revealed that Manuel Fernandez purchased 41 firearms prior to becoming prohibited, but

7   failed to transfer them from his possession pursuant to the terms and conditions of his

8   conviction. *(Complaint, ¶ 31-32)*

9      Special Agent Alvaro's report also provided the Los Angeles County Sheriff's

10   Department (hereafter "LASD") received a tip on or about June 10, 2018, indicating that

11   Manuel Fernandez was in possession  of a large collection of firearms. *(Complaint, ¶ 33)*

12      On June 11, 2018, Los Angeles County Sheriff's Deputy Wyatt Waldron presented

13   a statement of probable cause to Judge Lisa Chung who issued a warrant for the search of

14   the Fernandez residence.  The June 14, 2018- search resulted in the seizure of more than

15   400 firearms.  *(Complaint, ¶ 34-35)*

16      Subsequent seizures of the residence occurred on June 15, June 21, and June 29,

17   2018.  These searches resulted in the seizure of dozens of additional weapons, ammunition

18   magazines and speed loaders. *(Complaint, ¶ 36).*  Deputy John Roth reported that a total of

19   458 firearms were seized from the Fernandez residence.  *(Complaint, ¶ 37).*  Manuel

20   Fernandez was charged with the unlawful possession of the firearms seized, but he passed

21   away on September 27, 2018, before a trial could begin. *(Complaint, ¶ 38).*

22      Upon Manuel Fernandez's death, title to the seized firearms transferred to his wife,

23   Plaintiff Ana Fernandez, as the trustee of the Fernandez Trust.  *(Complaint, ¶ 39).*

24      California Penal Code § 33880 (formerly § 12021.3), permits the County of Los

25   Angeles  to  recover its administrative costs related to taking possession, storing, and

26   releasing firearms seized under the circumstances alleged here.  The LASD assessed a fee

27   of $ 54 per firearm for the return of the firearms seized from Manuel Fernandez for a total

of $24,354.00.  *(Complaint, ¶ 39).*  The Plaintiff attempted to negotiate a reduced fee but the County would not reduce the fee.  *(Complaint, ¶ 46).*

On December 9, 2019, the Plaintiff agreed to pay the fee to have the firearms released to a licensed firearm's dealer to be sold at auction.  Upon receipt of the firearms, the Plaintiff contends that the firearms were poorly stored, resulting in a diminished value of the  firearms.  *(Complaint, ¶ 49-50).*

Defendant, County of Los Angeles employee Susan O'Leary Brown, sued as the Property Custodian for the Palmdale Sheriff Station (¶ 11), hereby moves to dismiss the sole federal claim alleged against her under the Fourth Amendment the United States Constitution.  *(Complaint, p. 14).*  The defendant requests that this court decline to exercise jurisdiction over the pendent state law claims.

<u>**MEMORANDUM OF LAW**</u>

**I.**

**THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT AGAINST THIS DEFENDANT**

A dismissal under Rule12(b)(6) of the *Federal Rules of Civil Procedure* is appropriate in either of the following cases: 1) where the facts alleged in the complaint are insufficient under a cognizable legal theory; or 2) where there is no cognizable legal theory alleged.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 695, 699 (9th Cir. 1990).

In order to comply with the pleading requirements of the Federal Rules of Civil Procedure, the plaintiff has an "obligation to provide the grounds of his entitlement to relief" by stating facts as opposed to "labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).  "The factual allegations must be enough to raise a right to relief above the speculative level" and the plain statement must "possess enough heft to show that the pleader is entitled to relief." <u>Id</u>. at pp. 555-557.  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." _Ashcroft v Iqbal_, 556 U.S. 662, 679 (2009).

"In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." _Id._

Plaintiff's claims are alleged under the Federal Civil Rights Act, Title 42 U.S.C. Section 1983.  Section 1983 is a method for "vindicating violations of federal constitutional and federal statutory rights conferred elsewhere." _Maine v Thiboutot_, 448 U.S. 1 (1980).  In order to state a claim under the federal civil rights act, the Plaintiff must allege that a specific defendant, while acting under color of state law, deprived the Plaintiff of a right guaranteed by the Constitution or federal law.  _West v Atkins_, 487 U.S. 42, 48 (1988). Liability pursuant to section 1983 hinges upon proof that: (1) the defendant, acting under color of state law committed the conduct at issue, and (2) that the defendant's conduct deprived the plaintiff of a right, privilege or immunity protected by the Constitution or laws of the United States. _Leer v. Murphy_, 844 F.2d 628, 632-33 (9th Cir. 1988).

The complaint in this case fails to allege any facts subjecting Susan O'Leary Brown to liability under Section 1983.  The complaint alleges only that Susan O'Leary Brown is employed as the Property Custodian at the Palmdale Sheriff's station and that the Plaintiff is informed and believes that Brown was acting in the course and scope of her employment with the LASD, and therefore, acting under color of state law. _(Complaint, ¶ 11)_.  The Complaint groups  all individuals together by referencing the acts of "defendants," collectively.  Yet, liability for Constitutional violations is contingent upon a violation committed by the person sued.  Susan O'Leary Brown cannot be held liable to the Plaintiff for acts committed by others, nor can she be grouped in to a collection of "defendants" and assessed liability based upon the purported acts of the group.  Because the complaint fails to allege any acts committed by Susan O'Leary Brown, she must be dismissed from this action.

## II.

## SUSAN O'LEARY BROWN IS ENTITLED TO

## QUALIFIED IMMUNITY FROM SUIT

Although there are no specific facts alleged against her in the Complaint, based on the facts which are alleged, Susan O'Leary Brown would be entitled to qualified immunity in this case.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Supreme Court has mandated a two-step process resolving government officials' qualified immunity claims. The court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Pearson v. Callahan,* (2009) 555 U.S. 223, 232. The court has the discretion to determine the sequence in which these two steps are analyzed. *Id.* at p. 236.

"Clearly established" for qualified immunity purposes means that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. His very action need not previously have been held unlawful, but in the light of per-existing law its unlawfulness must be apparent. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability. . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) . "Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson*, at p. 640, n.2. "Accordingly, 'we repeatedly have

1   stressed the importance of resolving immunity questions at the earliest possible stage in

2   litigation.'" *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

3       The Complaint alleges a sole federal claim against this defendant – Violation of the

4   Fourth Amendment.  The Complaint, however, alleges no facts against Susan O'Leary

5   Brown.  It is clear under the facts which are alleged, that this defendant is entitled to

6   qualified immunity as there is no violation of a constitutional right and no violation of

7   clearly established law set forth against her in the complaint.

8   **A.      THE DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY ON**

9   **        PLAINTIFF'S CLAIM FOR A VIOLATION OF THE FOURTH**

10  **        AMENDMENT.**

11      The Plaintiff's Second Claim for Relief is alleged against this Defendant under the

12  Fourth Amendment.  The Fourth Amendment provides that, "[t]he right of the people to be

13  secure in their persons, houses, papers, and effects, against unreasonable searches and

14  seizures, shall not be violated, and no warrants shall issue, but upon probable cause,

15  supported by oath or affirmation, and particularly describing the place to be searched, and

16  the persons or things to be seized." *Camara v. Municipal Court of City and County of San*

17  *Francisco*, 387 U.S. 523, 528 (1967).

18      A search warrant "provides the detached scrutiny of a neutral magistrate, which is a

19  more reliable safeguard against improper searches than the hurried judgment of a law

20  enforcement officer 'engaged in the often competitive enterprise of ferreting out crime.'"

21  *United States v. Chadwick*, 433 U.S. 1, 9, (1977).  The preference for warrants is most

22  appropriately effectuated by according "great deference" to a magistrate's determination.

23  *U.S. v. Leon*, 468 U.S. 897, 913–914 (1984).  The Supreme Court has held, "[w]here the

24  alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the

25  fact that a neutral magistrate has issued a warrant is the clearest indication that the officers

26  acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective

27  good faith.' " Id. at 922-923.

Furthermore, in *Torres v. City of Los Angeles,* 548 F.3d 1197, 1206 (9th Cir. 2008), the Ninth Circuit affirmed the district court's dismissal of Plaintiffs' case against a detective who was not present when the Plaintiff was arrested, who had not instructed the other detectives to arrest the Plaintiff; and who had not consulted with other involved detectives before the Plaintiff's arrest. The court found no evidence of "integral participation" by the detective in the alleged constitutional violation. *Chuman v. Wright,* 76 F.3d 292, 294–95 (9th Cir.1996); *see Blankenhorn v. City of Orange,* 485 F.3d 463, 481 n. 12 (9th Cir.2007) (explaining that integral participation requires "some fundamental involvement in the conduct that allegedly caused the violation" and affirming summary judgment in favor of officer who arrived on the scene after the allegedly unconstitutional arrest and officer who provided only crowd control)

The Plaintiff's Second Claim for Relief fails to state facts sufficient to constitute a viable cause of action against this defendant. Susan O'Leary Brown is sued as the Property Custodian for the Palmdale Sheriff's Station (¶ 11). There are no facts showing that Brown participated in the seizure of the firearms, nor that she engaged in any act connected with the firearms. The Complaint alleges that the weapons seized from Manuel Fernandez were seized pursuant to a warrant issued by Judge Lisa Chung. The warrant was preceded by an investigation of the California Department of Justice's Bureau of Firearms, information in the Armed Prohibited Persons database and a "tip" to the Los Angeles County Sheriff's Department that Manuel Fernandez was a prohibited person in possession of a large collection of firearms. California law mandated that the firearms be seized under these circumstances.

There are no allegations that Susan O'Leary Brown's conduct violated the Plaintiff's Fourth Amendment rights when retaining the firearms as the Property Custodian, nor when assessing the statutory fee for the release of the firearms under California Law. Brown is entitled to qualified immunity unless her acts are alleged to have violated clearly established law. The clearly established law in this case permitted the

Sheriff's Department to assess a fee for the costs incurred with the seizure, impound, storage and release of the firearms in question.  (Cal. Penal Code § 33880).  The complaint alleges that in 2005, the Sheriff of Los Angeles County determined the amount of $54 to be the reasonable value associated with the seizure, impound, storage and release of the firearms seized under the facts of this case.  (Complaint, ¶ 22).  There is no showing that the Property Custodian had any discretion with regard to assessing the fee, or authority to negotiate a lower fee as requested by the Plaintiff.  There are simply no facts alleged to support a contention that while acting as Property Custodian over weapons seized pursuant to a warrant, and  for which an administrative fee was assessed for their return, Brown could reasonably have understood that she acted in violation of the Fourth Amendment.  The same is true of the Plaintiff's claim for damage to the firearms while in LASD custody.  There are no facts to support a contention that Brown can be held liable under the Fourth Amendment for alleged damage to the Plaintiff's firearms while in LASD custody.

Susan O'Leary Brown is entitled to qualified immunity and the Plaintiff's Second Claim for Relief must be dismissed.

### III.

**TO THE EXTENT THAT THE PLAINTIFF CHALLENGES THE CALIFORNIA LAW PERMITTING THE ASSESSMENT OF THE ADMINISTRATIVE COSTS, THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO NOTIFY AND/OR JOIN THE STATE OF CALIFORNIA A PARTY TO THIS ACTION**

It is unclear whether the Plaintiff is challenging the constitutional validity of California Penal Code section 33880 (formerly section 12021.3).  To the extent that Plaintiff is challenging the Constitutionality of the statue, the defendants contend that the State of California is required to be noticed per F.R.C.P. section 5.1.  Section 5.1 requires that a party who files a pleading drawing into question the constitutionality of state statute, where the state is not included as a party to the action, must promptly serve notice upon the state attorney general either by certified or registered mail or by sending it to an electronic

address designated by the attorney general for this purpose.  If the Plaintiff challenges the constitutional validity of the statute itself, the State of California must be notified and potentially joined as a party to this action.

## IV.

## COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIMS

The plaintiff's 3rd Claim (negligence), 4th Claim (Breach of Bailment), 5th (Trespass to Chattels) and 6th (Failure to Train) are alleged under California law.  The complaint alleges that jurisdiction over these claims is proper under 28 U.S.C. § 1367 because they are supplemental to the federal "causes of action."  As set forth above, there are no federal statutes or law implicated by the facts alleged in this case.  Once the conclusory allegations are removed, the bare essence of this case sounds in tort law.  Thus, this court should refuse to exercise supplemental jurisdiction over these claims as the state claims predominate. 28 U.S.C. § 1367 (c)(2).  This court should also refuse to exercise supplemental jurisdiction where each of the "federal" claims should be dismissed.  28 U.S.C. § 1367 (c)(3).

## CONCLUSION

For the foregoing reasons, Defendant, County of Los Angeles employee SUSAN O'LEARY BROWN, hereby respectfully requests that this Court dismiss Plaintiff's entire complaint and all claims alleged against her.

DATED: December 8, 2020                    Respectfully submitted,

**NELSON & FULTON**


By: s / Amber A. Logan
    HENRY PATRICK NELSON
    AMBER A. LOGAN
    Attorneys for Defendant,
    Susan O'Leary Brown