Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendants,
Los Angeles County, Los Angeles County Sheriff's Department, Sheriff Alex Villanueva, Deputy Wyatt Waldron, Deputy John Roth, Susan O'Leary Brown

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PATRICIA FERNANDEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; WYATT WALDRON, an individual JOHN ROTH, an individual; SUSAN O'LEARY BROWN an individual; ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County; and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:20-cv-09876-DMG (PD)<br><br>[Fee Exempt - Govt. Code §6103]<br><br>**DEFENDANTS, LOS ANGELES COUNTY SHERIFF DEPUTIES WYATT WALDRON AND JOHN ROTH'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S ENTIRE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** [F.R.C.P. 12(b)(6)]<br><br>Date: January 29, 2021<br>Time: 9:30 a.m.<br>Place: Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

TO THE COURT, TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 29, 2021, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 8C of the United States District Court, located at 350 West 1st Street, 8th Floor, Los Angeles, CA 90012, Defendants, DEPUTIES WYATT WALDRON and JOHN ROTH (sued as deputies of the Los Angeles County Sheriff's Department), will move the Court for an order dismissing the Plaintiff's

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief can be granted.

This motion shall be supported by this notice, the accompanying Memorandum of Law and upon all pleadings and papers on file herein.

## MEET AND CONFER REQUIREMENT

On December 7, 2020, Plaintiff's counsel, Ms. Anna Bravir, and I met and conferred telephonically regarding Deputies Waldron and Roth's Motion to Dismiss. We were unable to resolve the disputed issues.

DATED: December 17, 2020　　　　　　NELSON & FULTON

　　　　　　　　　　　　　　　　　By: s / Amber A. Logan
　　　　　　　　　　　　　　　　　　　HENRY PATRICK NELSON
　　　　　　　　　　　　　　　　　　　AMBER A. LOGAN
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　　　　Deputies Waldron and Roth

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    THE COMPLAINT ALLEGES NO CLAIM AGAINST
THESE DEFENDANTS UNDER SECTION 1983 . . . . . . . . . . . . . . . . . . . . . . . 2

II.   DEFENDANT DEPUTIES WALDRON AND ROTH ARE
ENTITLED TO QUALIFIED IMMUNITY FROM SUIT
IN THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.    THE COMPLAINT FAILS TO ALLEGE A
VIOLATION OF THE FOURTH AMENDMENT
AGAINST THESE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     B.    THE COMPLAINT ALLEGES NO VIOLATION
OF A CLEARLY ESTABLISHED LAW. . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.  COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER THE STATE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**CASES**                     **Page(s)**

Anderson v. Creighton, 483 U.S. 635, 640 (1987) ................................. 5, 8

Ashcroft v Iqbal, 129 S.Ct. 1937, 1949 (2009) ...................................... 2

Balistreri v. Pacifica Police Dept., 901 F.2d 695, 699 (9th Cir. 1990) ................ 2

Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) ..................... 2

California v. Hodari D., 499 U.S. 621, 624 (1991) .................................. 9

Camara v. Municipal Court of City and County of San Francisco,
    387 U.S. 523, 528 (1967) ...................................................... 5

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) .................................... 4

Hope v. Pelzer, 536 U.S. 730, 741, (2002) ......................................... 8

Hunter v. Bryant, 502 U.S. 224, 227 (1991) ..................................... 5-6

Jessop v City of Fresno, 936 F.3d 937 (9th Cir., 2019) ............................ 8-9

Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) .............................. 3

Maine v Thiboutot, 448 U.S. 1 (1980) ............................................ 3

Malley v. Briggs, 475 U.S. 335, 344–45 (1986) .................................... 6

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ..................................... 5

Pearson v. Callahan, (2009) 555 U.S. 223, 232 .................................... 4

Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 471, 21 L.Ed. 897 (1873) ............ 9

Tolan v. Cotton, 572 U.S. 650, 656, (2014) ........................................ 8

United States v. Chadwick, 433 U.S. 1, 9, (1977) .................................. 6

U.S. v. Leon, 468 U.S. 897, 913–914 (1984) ...................................... 6

West v Atkins, 487 U.S. 42, 48 (1988) ............................................ 3

Wilson v. Layne, 526 U.S. 603, 617 (1999) ....................................... 9

**STATUTES**

28 U.S.C. § 1367 ............................................................... 10
28 U.S.C. § 1367 (c)(2) ........................................................ 10
28 U.S.C. § 1367 (c)(3) ........................................................ 10
42 U.S.C. § 1983 ............................................................. 2-3
California Penal Code § 29810 (c) (4) ......................................... 3, 6

## STATEMENT OF THE FACTS

In the year 2009, Plaintiff Ana Patricia Fernandez contends that her husband Manuel Fernandez was a convicted felon prohibited from owning firearms, ammunition, magazines and speed loaders. Special Agent Alvaro Arreola of the California Department of Justice Bureau of Firearms' reported that their database of Armed Prohibited Persons, revealed that Manuel Fernandez purchased 41 firearms prior to becoming prohibited, but failed to transfer them from his possession pursuant to the terms and conditions of his conviction. *(Complaint, ¶ 31-32)*

Special Agent Alvaro's report also provided the Los Angeles County Sheriff's Department (hereafter "LASD") received a tip on or about June 10, 2018, indicating that Manuel Fernandez was in possession of a large collection of firearms. *(Complaint, ¶ 33)*

On June 11, 2018, Los Angeles County Sheriff's Deputy Wyatt Waldron presented a statement of probable cause to Judge Lisa Chung who issued a warrant for the search of the Fernandez residence. The June 14, 2018-search resulted in the seizure of more than 400 firearms. *(Complaint, ¶ 34-35)*

Subsequent seizures of the residence occurred on June 15, June 21, and June 29, 2018. These searches resulted in the seizure of dozens of additional weapons, ammunition magazines and speed loaders. *(Complaint, ¶ 36)*. Deputy John Roth reported that a total of 458 firearms were seized from the Fernandez residence. *(Complaint, ¶ 37)*. Manuel Fernandez was charged with the unlawful possession of the firearms seized, but he passed away on September 27, 2018, before a trial could begin. *(Complaint, ¶ 38)*.

Upon Manuel Fernandez's death, title to the seized firearms transferred to his wife, Plaintiff Ana Fernandez as the trustee of the Fernandez Trust. *(Complaint, ¶ 39)*.

California Penal Code § 33880 (formerly § 12021.3), permits the County of Los Angeles to recover its administrative costs related to taking possession, storing, and releasing firearms seized under the circumstances alleged here. The LASD assessed a fee of $ 54 per firearm for the return of the firearms seized from Manuel Fernandez for a total

of $24,354.00. *(Complaint, ¶ 39).* The Plaintiff attempted to negotiate a reduced fee but the County would not reduce the fee. *(Complaint, ¶ 46).*

On December 9, 2019, the Plaintiff agreed to pay the fee to have the firearms released to a licensed firearm's dealer to be sold at auction. Upon receipt of the firearms, the Plaintiff contends that the firearms were poorly stored, resulting in a diminished value of the firearms. *(Complaint, ¶ 49-50).*

Defendants, Deputies Wyatt Waldron and John Roth, hereby move to dismiss all claims and causes of action alleged against them.

## MEMORANDUM OF LAW

### I.

### THE COMPLAINT ALLEGES NO CLAIM AGAINST THESE DEFENDANTS UNDER SECTION 1983

A dismissal under Rule12 (b)(6) of the *Federal Rules of Civil Procedure* is appropriate in either of the following cases: 1) where the facts alleged in the complaint are insufficient under a cognizable legal theory; or 2) where there is no cognizable legal theory alleged. Balistreri v. Pacifica Police Dept., 901 F.2d 695, 699 (9th Cir. 1990).

In order to comply with the pleading requirements of the Federal Rules of Civil Procedure, the plaintiff has an "obligation to provide the grounds of his entitlement to relief" by stating facts as opposed to "labels and conclusions and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007). "The factual allegations must be enough to raise a right to relief above the speculative level" and the plain statement must "possess enough heft to show that the pleader is entitled to relief." Id. at pp. 555-557. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v Iqbal, 556 U.S. 662, 679 (2009).

"In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions,

are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.

Plaintiff's claims are alleged under the Federal Civil Rights Act, Title 42 U.S.C. Section 1983. Section 1983 is a method for "vindicating violations of federal constitutional and federal statutory rights conferred elsewhere." Maine v Thiboutot, 448 U.S. 1 (1980). In order to state a claim under the federal civil rights act, the Plaintiff must allege that a specific defendant, while acting under color of state law, deprived the Plaintiff of a right guaranteed by the Constitution or federal law. West v Atkins, 487 U.S. 42, 48 (1988). Liability pursuant to section 1983 hinges upon proof that: (1) the defendant, acting under color of state law committed the conduct at issue, and (2) that the defendant's conduct deprived the plaintiff of a right, privilege or immunity protected by the Constitution or laws of the United States. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

The complaint in this case fails to allege any facts subjecting Los Angeles County Sheriff's Deputies Waldron and Roth to liability under Section 1983. Factually, the complaint alleges that following an investigation by the California Department of Justice, information contained in California's Armed Prohibited Persons (APPS) firearms database, a "tip" placed to both the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and to his employer, the LASD, Deputy Wyatt Waldron applied to Superior Court Judge Lisa Chung for a warrant to search Miguel Fernandez's residence for firearms, as he was prohibited from possession of firearms under California law. *(Complaint, ¶¶ 31-34)*. California Penal Code § 29810 (c) (4) gives law enforcement officers authority to obtain a warrant for the seizure of firearms upon probable cause that a prohibited person is in possession thereof. The facts, alleging that Deputy Waldron complied with California law in obtaining said warrant, do not offend the United States' Constitution and allege no liability under Section 1983.

The same is true for Deputy Roth. The complaint alleges that Roth submitted a supplemental report which provided that 458 of the firearms seized were legal to possess, if

possessed by a person not prohibited under California law (not the facts of this seizure). *(Complaint, ¶ 37)*. The complaint contains no other specific facts against Deputy Roth, and therefore fails to allege facts sufficient to show that by making such a report, Roth violated the Constitution.

To the extent that the Complaint attempts to hold Deputies Waldron and Roth liable for the alleged retention and damage to their property, the Complaint alleges no specific facts against them in this regard. Deputies Waldron and Roth cannot be held vicariously liable for the alleged violations committed by others, nor can they be grouped into a collection of "defendants" and assessed liability based upon the purported acts of the group. Because the complaint fails to allege any acts committed by Deputies Waldron and Roth, they must be dismissed from this action.

## II.

## DEFENDANT DEPUTIES WALDRON AND ROTH ARE ENTITLED TO QUALIFIED IMMUNITY FROM SUIT IN THIS CASE

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The Supreme Court has mandated a two-step process resolving government officials' qualified immunity claims. The court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. Pearson v. Callahan, (2009) 555 U.S. 223, 232. The court has the discretion to determine the sequence in which these two steps are analyzed. *Id.* at p. 236.

"Clearly established" for qualified immunity purposes means that the contours of the right must be sufficiently clear that a reasonable official would understand that what he

is doing violates that right. His very action need not previously have been held unlawful, but in the light of per-existing law its unlawfulness must be apparent. Anderson v. Creighton, 483 U.S. 635, 640 (1987). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.'" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." Anderson, at p. 640, n.2. "Accordingly, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" Hunter v. Bryant, 502 U.S. 224, 227 (1991).

The Complaint alleges a sole federal claim against these defendants – Violation of the Fourth Amendment. The Complaint, however, alleges no facts subjecting Deputies Waldron or Roth to liability under the Fourth Amendment. It is clear under the facts which are alleged, that Deputies Waldron and Roth are entitled to qualified immunity as neither violated any clearly established law pursuant to the allegations of the Complaint.

A. **THE COMPLAINT FAILS TO ALLEGE A VIOLATION OF THE FOURTH AMENDMENT AGAINST THESE DEFENDANTS.**

The Plaintiff's Second Claim for Relief is alleged against these Defendants under the Fourth Amendment. The Fourth Amendment provides that, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 528 (1967).

A search warrant "provides the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer 'engaged in the often competitive enterprise of ferreting out crime.'"

1  United States v. Chadwick, 433 U.S. 1, 9, (1977). The preference for warrants is most
2  appropriately effectuated by according "great deference" to a magistrate's determination.
3  U.S. v. Leon, 468 U.S. 897, 913–914 (1984). The Supreme Court has held, "[w]here the
4  alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the
5  fact that a neutral magistrate has issued a warrant is the clearest indication that the officers
6  acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective
7  good faith.' " Id. at 922-923.
8      In the context of a police officer obtaining a search warrant, "immunity will be lost only
9  where the warrant application is so lacking in indicia of probable cause as to render official
10 belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344–45 (1986).
11     If a case involves a question of probable cause for a law enforcement official's
12 actions, the case should not proceed past the discovery stage if there is any reasonable basis
13 to conclude that probable cause existed. Hunter v. Bryant, 502 U.S. 224, 227–228, (1991).
14 A defendant need not show that there was only one reasonable conclusion for a jury to
15 reach on whether probable cause existed, but rather, a court should ask whether the law
16 enforcement officials acted reasonably under settled law in the circumstances then existing,
17 not whether another reasonable, or more reasonable interpretation of the facts can be
18 constructed years later. Id. at 228.
19     California Penal Code § 29810 (c) (4), entitled: "Persons subject to firearm possession
20 restrictions...relinquishment of firearms," requires that "[i]f the court finds probable cause that
21 the defendant has failed to relinquish any firearms as required, the court shall order the search
22 for and removal of any firearms at any location where the judge has probable cause to believe
23 the defendant's firearms are located."
24     There are no allegations in the Complaint which support a claim that Deputies
25 Waldron and Roth violated the Fourth Amendment in the seizure of the firearms in
26 question. According to the complaint, the Plaintiff's husband was a convicted felon for
27 whom the possession of firearms was legally forbidden. *(Complaint, ¶ 32).* Following and

investigation by a Special Agent of the California DOJ's Bureau of Firearms, Miguel Fernandez was identified as a person illegally in possession of firearms. The Armed Prohibited Persons (APPS) database indicated that Mr. Fernandez had purchased 41 firearms prior to his prohibition, and that he had not transferred possession of any of the firearms. *(Complaint, ¶ 32).* On May 30, 2018, the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives received a "tip" that Mr. Fernandez was in possession of a large collection of firearms. The Los Angeles County Sheriff's Department received that same "tip" on or around June 10, 2018. *(Complaint, ¶ 33).*

On June 11, 2018, Deputy Waldron presented the probable cause statement to Superior Court Judge Lisa Chung who issued the warrant for the search of the Fernandez residence. Searches occurred over a period of four days, June 14, 15, 21, and 29, 2018. Deputy Roth wrote a supplemental report indicating that 458 of the firearms seized from the Fernandez residence were legal to possess under California law, if possessed by persons not prohibited. *(Complaint, ¶¶ 34-37).*

There are no allegations that conduct of Deputies Waldron or Roth violated the Plaintiff's Fourth Amendment rights. A seizure of property pursuant to a warrant is per se reasonable under the Fourth Amendment as the facts have been assessed by a neutral magistrate prior to the seizure. Here, California requires law enforcement, when possessed with the knowledge that a prohibited person is in possession of firearms, to obtain a warrant for the seizure of said weapons. That is precisely what deputies did in this case. Armed with information from a federal law enforcement agency, a state law enforcement agency, a state database and a "tip," Deputy Waldron obtained a warrant to seize the firearms in question. Deputy Roth is alleged to have prepared a supplemental report regarding the seizure, and presumably took part in the actual seizure. This seizure, which comports with California law, does not violate the Fourth Amendment.

As the complaint alleges no Fourth Amendment violation, these defendants are entitled to qualified immunity and must be dismissed from this action.

**B.     THE COMPLAINT ALLEGES NO VIOLATION OF A CLEARLY ESTABLISHED LAW.**

Whether a law enforcement official entitled to the protection of qualified immunity may be held personally liable for the alleged unlawful action will depend on the "objective legal reasonableness" of the action, which must be assessed in light of the laws or "legal rules" that were "clearly established" at the time the action occurred. Anderson, 483 U.S. at 639–40. The Court specifically held that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right". Id. A defendant violates an individual's clearly established rights only when "'the state of the law' at the time of an incident provided 'fair warning'" to the defendant that his or her conduct was unconstitutional. Tolan v. Cotton, 572 U.S. 650, 656, (2014) (quoting Hope v. Pelzer, 536 U.S. 730, 741, (2002)).

The Fourth Amendment "right" of which this the Plaintiff complains is the alleged retention and damage to her personal property that occurred after the lawful seizure under the Fourth Amendment. There is no support for the Plaintiff's contention that the retention and alleged "grossly negligent" damage to personal property following a lawful seizure, violates the Fourth Amendment. As such, there are no facts alleged which show that Deputies Waldron or Roth violated any clearly established law in this case.

In the matter of Jessop v. City of Fresno, 936 F.3d 937 (9th Cir., 2019), Plaintiff sought to hold the defendant law enforcement officers liable under the Fourth Amendment for stealing personal property which had been seized under a lawful warrant. Plaintiff's argued that "[a]lthough the City Officers seized Appellants' money and coins pursuant to a lawful warrant, their continued retention—and alleged theft—of the property was a violation of the Fourth Amendment. Id. at 941.

The Ninth Circuit found that the officers were entitled to qualified immunity as there was no clearly established law which provided that property, once lawfully seized, and later stolen, violates the Fourth Amendment. "The lack of 'any cases of controlling

authority' or a 'consensus of cases of persuasive authority' on the constitutional question compels the conclusion that the law was not clearly established at the time of the incident. *Id*. at 942, *citing*, Wilson v. Layne, 526 U.S. 603, 617 (1999). "Although the City Officers ought to have recognized that the alleged theft of Appellants' money and rare coins was morally wrong, they did not have clear notice that it violated the Fourth Amendment—which, as noted, is a different question." Id.

The concurring opinion in Jessop provides that Supreme Court jurisprudence does not include a retention of property in the definition of a Fourth Amendment seizure. "The Court has defined a seizure as 'a single act, and not a continuous fact.'" Jessop, at 943; citing, Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 471, 21 L.Ed. 897 (1873). "From the time of the founding to the present, the word 'seizure' has meant a 'taking possession.' " Id., *citing*, California v. Hodari D., 499 U.S. 621, 624 (1991). The concurring opinion held that the Supreme Court cases suggest that, once the government has taken possession of property, a seizure is complete. Jessop, at 943.

Here the Plaintiff contends that Deputies Waldron and Roth are liable to her under the Fourth Amendment for the retention and damage to the firearms which occurred after a lawful seizure. However, assuming the Plaintiffs to be factually correct – that Deputies Waldron and Roth seized and damaged the firearms – there is no clearly established law which provides that the deputies violated the Fourth Amendment in doing so. As set forth above, the seizure occurred pursuant to a valid warrant under California law, issued by a Superior Court Judge. There is no support for the contention that the retention of the firearms after the seizure violates the clearly established law under the Fourth Amendment. Nor is there support for the contention that the alleged damage to the seized firearms violates the clearly established law under the Fourth Amendment.

/////

/////

As such, the Plaintiff's sole claim against Deputies Waldron and Roth under the Federal Civil Rights Act, fails because each deputy is entitled to qualified immunity. The complaint alleges no violation of the Fourth Amendment and no violation of the clearly established law. The Plaintiff's claims under the Civil Rights Act must be dismissed.

## III.

## COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIMS

The plaintiff's 3rd Claim (negligence), 4th Claim (Breach of Bailment), 5th (Trespass to Chattels) and 6th (Failure to Train) are alleged under California law. The complaint alleges that jurisdiction over these claims is proper under 28 U.S.C. § 1367 because they are supplemental to the federal "causes of action." As set forth above, there are no federal statutes or law implicated by the facts alleged in this case. Once the conclusory allegations are removed, the bare essence of this case sounds in tort law. Thus, this court should refuse to exercise supplemental jurisdiction over these claims as the state claims predominate. 28 U.S.C. § 1367 (c)(2). This court should also refuse to exercise supplemental jurisdiction where each of the "federal" claims should be dismissed. 28 U.S.C. § 1367 (c)(3).

## CONCLUSION

For the foregoing reasons, Defendants, County of Los Angeles Sheriff's Deputies WYATT WALDRON and JOHN ROTH, hereby respectfully request that this Court dismiss plaintiff's entire complaint and all claims alleged against them.

DATED: December 17, 2020         Respectfully submitted,

                                            **NELSON & FULTON**

                                            By: s / Amber A. Logan
                                                 HENRY PATRICK NELSON
                                                 AMBER A. LOGAN
                                                 Attorneys for Defendants,
                                                 Deputies Waldron and Roth