Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendants,
Los Angeles County, Los Angeles County Sheriff's Department, Sheriff Alex Villanueva, Deputy Wyatt Waldron, Deputy John Roth, Susan O'Leary Brown

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PATRICIA FERNANDEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; WYATT WALDRON, an individual JOHN ROTH, an individual; SUSAN O'LEARY BROWN an individual; ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County; and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:20-cv-09876-DMG (PD)<br><br>[Fee Exempt - Govt. Code §6103]<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:   January 29, 2021<br>Time:  9:30 a.m.<br>Place:  Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

TO THE COURT, TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:

Defendants, County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Alex Villanueva, Deputy John Roth, Deputy Wyatt Waldron and Susan O'Leary Brown, hereby reply to the Plaintiff's Opposition to their Motions to Dismiss the Plaintiff's Complaint.

/////

**TABLE OF CONTENTS**

                                                                         **Page**

TABLE OF AUTHORITIES .................................................................. ii

MEMORANDUM OF LAW .................................................................. 1

I.    THE PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF THE EIGHTH AMENDMENT .......................................... 1

II.   THE PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF THE FOURTH AMENDMENT ........................................ 3

III.  THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY UNDER THE ALLEGATIONS OF THE COMPLAINT ............................................................................. 5

      A.    The Defendants Have Not Violated Clearly Established Law under the Eighth Amendment Claim ........................... 6

      B.    The Defendants Have Not Violated Clearly Established Law Under the Fourth Amendment ................................. 6

IV.  THE PLAINTIFFS' CLAIM UNDER <u>MONELL</u> ALSO FAILS .............. 7

CONCLUSION ................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**                                                                     **Page(s)**

Anderson v Creighton, 483 U.S. 635, 640 (1987) .................................... 5

Browning-Ferris Industries of Vermont v. Kelco Disposal, Inc.,
    492 U.S. 257, (1989) ............................................... 1-2

Fox v. Van Oosterum, 176 F.3d 342 (6th Cir 1999) ............................. 3-4, 7

Gosselink v. Campbell, 4 Iowa 296, 300 (1856) ..................................... 2

Jessop v. City of Fresno, 936 F.3d 937 (2019) ..................................... 6-7

Lee v Cook, 330 F.3d 456, 466 .................................................... 4

Lewis v. City of Culver City, (C.D. Cal., Apr. 18, 2018,
No. 2:17-CV-07635-ODW-SS) 2018 WL 6307878 * ................................ 4, 7

Pimenthal v City of Los Angeles, 974 F.3d 917 (9th Cir. 2020) ....................... 2

Reynaga v. Monterey County District Attorney's Office,
(N.D. Cal., Mar. 7, 2014, No. C-13-01674-RMW) 2014 WL 984389 * .............. 4, 7

Soldal v. Cook County, 506 U.S. 56, 61 (1992) ................................... 3-4

Texas v. Brown, 46 U.S. 730, 747 (1983) .......................................... 4

Wright v. Riveland, 219 F.3d 905, 915 (2000) ..................................... 1

**STATUTES**

Cal. Penal Code § 33880 ..................................................... *passim*
Cal. Penal Code § 33880 (a) ...................................................... 2

# MEMORANDUM OF LAW

## I.

## THE PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF THE EIGHTH AMENDMENT

In opposition to the Motion to Dismiss, the Plaintiff contends that the Defendants fail to address the excessiveness of the administrative fee. The Defendants contend that it is unnecessary to reach the issue of whether the fee is excessive on Motion to Dismiss, as the plaintiff fails to show that the Eighth Amendment applies to the administrative fees assessed under Cal. Penal Code § 33880.

"Two questions are pertinent when determining whether the Excessive Fines Clause has been violated: (1) Is the statutory provision a fine, i.e., does it impose punishment? and (2) If so, is the fine excessive … the first question determines whether the Eighth Amendment applies; the second determines whether the Eighth Amendment is violated." Wright v. Riveland, 219 F.3d 905, 915 (2000) (internal citations omitted). The Defendants contend that the Eighth Amendment does not apply to the allegations of this case.

In opposition to the Motion to Dismiss, the Plaintiff contends that the Defendants have not shown that Cal. Penal Code § 33880 is not a fine which imposes punishment under the Eighth Amendment. The burden, however, is on the Plaintiff not the Defendants to establish all elements of her Eighth Amendment cause of action. Neither the Complaint, nor the opposing papers support the contention that the fee in contention is punitive and is thus a "fine" under the Eighth Amendment.

In her concurring and dissenting opinion in Browning-Ferris Industries of Vermont v. Kelco Disposal, Inc., 492 U.S. 257, (1989), Justice O'Connor recounted the history of the Eighth Amendment's excessive fines clause. A "'fine' comprehends a forfeiture or penalty recoverable in a civil action." *Id* at 298. Fines are not awarded to compensate for injury, but rather to further the aims of the criminal law: 'to punish reprehensible conduct and to deter its future occurrence." *Id*. "A civil sanction that cannot solely be said to serve

a remedial purpose, but rather can be explained only as also serving a retributive or deterrent purpose, is punishment." Id.

There are no cases which specifically address whether the administrative fee imposed under Penal Code § 33880 is punitive in nature and thus, constitutes a "fine" under the Eighth Amendments Excessive Fines Clause.

The court should look to the plain language of the statute and the intent of the legislature where the plain language is ambiguous. On its face, the statute indicates that it is remedial. The statute provides that the county may adopt a regulation, ordinance, or resolution imposing a charge equal to its administrative costs relating to the seizure, impounding, storage, or release of any firearm, ammunition feeding device, or ammunition. Cal. Penal Code § 33880 (a). Senate Bill 746 provides that the purpose if the statute is to "prescribe a procedure for a court or law enforcement agency in possession of a seized firearm to return the firearm to its lawful owner, as specified." *Weapons-Surrender-Criminal History Record Information (Stats.2018, c. 780 (S.B.746), § 22, eff. Jan. 1, 2019, operative July 1, 2020.)*

The cases cited by the Plaintiff relate to governing the forfeitures of property. A forfeiture is "a penalty in which one loses his rights and interest in his property." Browning-Ferris, 492 U.S. 295, *citing,* Gosselink v. Campbell, 4 Iowa 296, 300 (1856). The purpose of Section 33880 is not to require forfeiture of seized firearms, but rather dictates the method in which seized firearms are returned by law enforcement. While the case of Pimenthal v City of Los Angeles, 974 F.3d 917 (9th Cir. 2020), does not involve a civil forfeiture statute, is does pertain to a city ordinance wherein a fine was assessed as punishment for overstaying the allotted parking time at a city-owned metered space. *Id*. at 920. These cases are not analogous to the facts of this case or the statute in question.

There are no cases which have considered whether Penal Code § 33880 constitutes a "fine" implemented as a form of punishment under the Eighth Amendment. Thus, as set forth in the moving papers, the court should look to similar California statutes where administrative

fees have been challenged as violations of the Eighth Amendment. California cases addressing similar administrative costs, have determined that the costs assessed for funding the California Courts were administrative costs and not punitive in nature.

Here, the firearms in question have not been forfeited and the statute in question is not a forfeiture statute. Nothing in the plain language of the statute, its intended legislative purpose, nor in the judicial review of similar statutes, dictates that Section 33880 is intended for retribution or deterrence. The Plaintiff has not shown otherwise.

The Plaintiff's complaint alleges no viable Eighth Amendment claim for the retention of lawfully seized property and the Defendants' motions to dismiss must be granted.

## II.

## THE PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF THE FOURTH AMENDMENT

In opposition to the moving papers, the Plaintiff indicates that she does not challenge the legality of the seizure of firearms by the Sheriff's Department. The opposing papers also make it clear that the Plaintiff is not raising a Fourteenth Amendment due process challenge in connection with the property damage/diminution in value claim. The Plaintiff contends that hers is a Fourth Amendment challenge to the Defendants' retention of the firearms. This claim is not viable under the Fourth Amendment.

In Fox v. Van Oosterum, 176 F.3d 342 (6th Cir 1999), the Plaintiff brought a Section 1983 action against the county alleging that the failure to return his driver's license constituted a wrongful retention thereof, in violation of the Fourth Amendment. The Plaintiff did not challenge the legal basis for seizure of the license, only the government's failure to return the license four months after its seizure *Id*. at 343. The court held that the Fourth Amendment protects against unreasonable seizures of property. "A seizure of property occurs when 'there is some meaningful interference with an individual's possessory interest in that property.'" *Id*. at 350, *citing* Soldal v. Cook County, 506 U.S. 56, 61 (1992). "Whatever the breadth of Fourth Amendment protection of property

1 interests, that protection is limited to the breadth of the meaning of the word 'seizure' in
2 the Fourth Amendment. *Id*. The Fourth Amendment protects an individual's interest in
3 *retaining* possession of property, but not the interest in *regaining* possession of property. *Id*
4 at 351, *citing* Texas v. Brown, 46 U.S. 730, 747 (1983). The *Fox* court distinguished
5 *Soldal* and other Supreme Court cases which concerned the state actor's role in the actual
6 taking of the property, as opposed to Plaintiff's claim for the retention of property four
7 months after is seizure. *Id.* at 350. The *Fox* court concluded that the retention and failure
8 to return the Plaintiff's driver's license four months after its lawful seizure did not
9 constitute a seizure under the Fourth Amendment. Based upon the Supreme Court's
10 definition of a seizure in *Soldal,* the court held that "once the act of taking the property is
11 complete, the seizure has ended and the Fourth Amendment no longer applies." *Id* at 351.

12 The seventh circuit in Lee v Cook, 330 F.3d 456, 466 analyzed the issue of whether
13 a retention of property seized pursuant to a valid warrant offends the Fourth Amendment.
14 The court held, "we conclude, as did the Sixth Circuit in Fox, that Soldal's "meaningful
15 interference with a possessory interest" definition is limited to an individual's interest in
16 retaining his property. Once an individual has been meaningfully dispossessed, the seizure
17 of the property is complete, and once justified by probable cause, that seizure is reasonable.
18 The amendment then cannot be invoked by the dispossessed owner to regain his property.
19 Therefore, Lee's car was seized when it was impounded. The car's subsequent search was
20 completed after ten days. Conditioning the car's release upon payment of towing and
21 storage fees after the search was completed neither continued the initial seizure nor began
22 another. *Id*. at 466.

23 California courts have agreed with the holding in *Fox*: *See, e.g.* Lewis v. City of
24 Culver City, (C.D. Cal., Apr. 18, 2018, No. 2:17-CV-07635-ODW-SS) 2018 WL 6307878
25 *3 [a police officer's retention of lawfully seized property alone does not violate the Fourth
26 Amendment.]; Reynaga v. Monterey County District Attorney's Office, (N.D. Cal., Mar. 7,
27 2014, No. C-13-01674-RMW) 2014 WL 984389 *2 [The refusal to return the Plaintiff's

lawfully seized firearm until he completed the background check required by Cal. Penal Code § 33850, et seq., did not constitute a Fourth Amendment violation].

Here, the Plaintiff has clearly stated that she does not contest the legality of the seizure of Manuel Fernandez's firearms which was based on a warrant. She contests the continued retention of the firearms until such a time as she complied with the fee provisions of Penal Code § 33880. However, this allegation fails to allege a violation of the Fourth Amendment. The retention of lawfully seized property does not offend the Fourth Amendment. At best, it raises a due process challenge under the Fourteenth Amendment. In this case, the opposing papers also made it clear that the Plaintiff's claims are not alleged under the due process clause of the Fourteenth Amendment.

The Plaintiff's complaint alleges no viable Fourth Amendment claim for the retention of lawfully seized property until such a time as the statutory fee for its release was paid. The Defendants' motions to dismiss must be granted.

## III.

## THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY UNDER THE ALLEGATIONS OF THE COMPLAINT

As set forth in the moving papers, the defendants sued in their individual capacities are entitled to qualified immunity from suit where their conduct either fails to constitute a violation of the Constitution or where their actions do not violate clearly established law of which a reasonable official should have known. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v Creighton, 483 U.S. 635, 640 (1987)

Here, the defendants contend that they are entitled to are entitled to qualified immunity because, as set forth above, there is no violation of the Eight or Fourth Amendment, and because their alleged acts – (1) refusing to return the lawfully seized firearms until such a time as the Plaintiff paid the "per firearm" fee under Section 33880; and by (2) damaging the property while in its custody, cannot be said to have violated clearly established law.

**A.     The Defendants Have Not Violated Clearly Established Law under the Eighth Amendment Claim.**

As set forth above, there have been no cases published which conclude that the administrative fee established by Cal. Penal Code § 33880 for the costs associated with the seizure, storage, retention and release of seized firearms, constitutes a "fine" under the Excessive Fines clause of the Eighth Amendment. The statute itself does not limit the fee to a single firearm, does not require a reduction in the fee based on the seizure of multiple firearms, nor does it require law enforcement to provide a bulk rate for the return of a large number of firearms. As such there are no facts alleged by the Plaintiff that in enforcing this statute – even in assessing a "per firearm" charge - that the County's employees would have known that their acts violated clearly established law under the Eighth Amendment. The California cases dealing with similar assessments have determined that the fees are not fines which violate the Eighth Amendment. Plaintiff points to no facts which would put the Defendants on notice that by assessing the "per firearm" fee, they violated the Eighth Amendment. As such, the Defendants, in their individual capacities, are entitled to qualified immunity in the Plaintiff's Eighth Amendment claim.

**B.     The Defendants Have Not Violated Clearly Established Law Under the Fourth Amendment.**

Assuming that the facts alleged by the Plaintiff are true, the defendants are still entitled to qualified immunity as it is not clearly established that the retention of firearms lawfully seized until such a time as the Plaintiff paid the statutory fee, or that the damage to Plaintiff's property while retained violated the Fourth Amendment.

In <u>Jessop v. City of Fresno</u>, 936 F.3d 937 (2019), the Plaintiffs sued the City alleging that during the execution of a valid search warrant, officers seized and failed to return a significant sum of money contending that the officers had stolen it. <u>Id</u>. at 939-40.

1  The Ninth Circuit granted the agents qualified immunity finding that the contours of the
2  Fourth Amendment were not so clearly established such that a state actor executing a
3  lawful warrant who later deprived the Plaintiff of their money by theft, could understand
4  that in doing so, he/she violated the Constitution. *Id.* at 942.  Just last year, the Ninth
5  Circuit in *Jessop* held that an egregious act such as the complete theft of seized property
6  was not a clearly established violation of  the Fourth Amendment. There is no showing that
7  the alleged damage to property or the diminution of its value was a violation of clearly
8  established law under the Fourth Amendment.
9  Furthermore, California cases, cited above, which agree with the holding in *Fox*.
10 *See, e.g.* Lewis v. City of Culver City, (C.D. Cal., Apr. 18, 2018, No. 2:17-CV-07635-
11 ODW-SS) 2018 WL 6307878 *3; Reynaga v. Monterey County District Attorney's Office,
12 (N.D. Cal., Mar. 7, 2014, No. C-13-01674-RMW) 2014 WL 984389 *2), demonstrate that
13 the issue of the continued retention of property lawfully seized pursuant to a warrant until
14 such a time as the Plaintiff paid the "per firearm" fee, was not so clearly established such
15 that the defendants would have understood that their conduct violated the Fourth
16 Amendment by retaining the firearms until the Plaintiff paid the statutory fee.
17 Because the Defendants have not violated any clearly established law under the
18 Eight or Fourth Amendment, they are entitled to qualified immunity and must be dismissed
19 from this action.

## IV.

## THE PLAINTIFFS' CLAIM UNDER MONELL ALSO FAILS

22 As the Plaintiff fails to allege a violation of the Eighth or Fourth Amendments, there
23 can be no Monell liability against the County of Los Angeles, the Sheriff's Department or
24 Sheriff Villanueva, acting in his official capacity.
25 /////
26 /////
27

## CONCLUSION

For the foregoing reasons, the Defendants hereby respectfully request that this court dismiss plaintiff's entire complaint and all claims alleged against them.

DATED: January 15, 2021      Respectfully submitted,

**NELSON & FULTON**

By: s / Amber A. Logan
    HENRY PATRICK NELSON
    AMBER A. LOGAN
    Attorneys for Defendants,
    County of Los Angeles, et al.