UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 1 of 11 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTIONS TO DISMISS [15, 18, 21]**

**I.**
**PROCEDURAL BACKGROUND**

On December 2, 2020, Defendants Los Angeles County ("County"), Los Angeles County Sheriff's Department ("LASD"), and Sheriff Alex Villanueva ("Sheriff Villanueva") (collectively, "County Defendants") filed a motion to dismiss the Complaint. [Doc. # 15.] On December 8, 2020, Defendant Susan O'Leary Brown ("Brown"), a County employee, filed a motion to dismiss [Doc. # 18], and on December 17, 2020, LASD Deputy Wyatt Waldron and Detective John Roth ("Deputy Defendants") filed a motion to dismiss [Doc. # 21]. On January 8, 2021, Plaintiff filed oppositions to each of the three motions [Doc. ## 25, 26, 27], and on January 15, 2021, Defendants filed a consolidated reply. [Doc. # 28.] The motions were thereafter taken under submission. [Doc. # 29.]

For the reasons set forth below, the Court **GRANTS with leave to amend** Defendants' motions to dismiss.

**II.**
**FACTUAL BACKGROUND[1]**

Plaintiff Ana Patricia Fernandez, a law-abiding U.S. citizen who is not prohibited from owning firearms, is the widow of Manuel Fernandez and Trustee of the Fernandez Trust. [Doc. # 1 (Compl.) ¶ 5.] Plaintiff's late husband was prohibited from owning firearms, ammunition, magazines, and speed loaders due to having prior felony convictions from 2009. *Id.* ¶ 31. According to an investigation report by Special Agent Alvaro Arreola, the California DOJ Bureau of Firearms' database, Armed Prohibited Persons ("APPS"), identified Mr. Fernandez as a

---

[1] The Court assumes the truth of the factual allegations in the Complaint solely for the purpose of deciding the motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 2 of 11 |
|---|---|---|---|

prohibited person potentially in possession of firearms. *Id.* ¶ 32. The APPS database indicated that Mr. Fernandez had purchased 41 firearms prior to becoming prohibited, and that no record existed that any of them had been transferred from his possession after his felony conviction. *Id.* According to Mr. Arreola's report, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") received an anonymous tip on May 30, 2018 that Mr. Fernandez was in possession of a large collection of firearms. The same tip was received by Defendant LASD on or around June 10, 2018. *Id.* ¶ 33.

On June 11, 2018, Defendant Deputy Waldron presented a statement of probable cause to the Los Angeles County Superior Court, and the Honorable Lisa Chung, Los Angeles Superior Court Judge, issued a warrant to search Mr. Fernandez's residence. Compl. ¶ 34. On June 14, 2018, Defendants[2] executed the search warrant, seized over 400 firearms from Mr. Fernandez's residence, and arrested Mr. Fernandez. *Id.* ¶ 35. Subsequent searches of the property, executed under separate warrants, took place on June 15, 2018, June 21, 2018, and June 29, 2018. These later searches resulted in the seizure of dozens more firearms, as well as ammunition magazines and speed loaders. *Id.* ¶ 36. Per a supplemental report written by Defendant Detective Roth, 458 of the seized firearms were legal to possess under California law and thus not contraband if possessed by an individual not prohibited from possessing firearms generally. *Id.* ¶ 37. After Mr. Fernandez was charged for his unlawful possession of firearms, but before any trial could begin, he passed away on September 27, 2018. *Id.* ¶ 38. The charges against him were dismissed due to his death. *Id.*

Upon Mr. Fernandez's death, any interest in the seized firearms passed to Plaintiff as Trustee of the Fernandez Trust. Compl. ¶ 39. In order for Plaintiff to retrieve the 451 seized firearms that were not contraband, Defendants[3] demanded that Plaintiff pay Defendant County's "fee" of $54 per firearm, totaling $24,354. *Id.* ¶ 39.

Under California Penal Code § 33800(a) (which replaced California Penal Code § 12021.3), cities, counties, and state agencies may adopt regulations, ordinances, or resolutions imposing a charge equal to its administrative costs relating to the seizure, impounding, storage, or release of any firearm, ammunition feeding device, or ammunition. Compl. ¶ 20. Under the Penal Code, any fee set by local authorities to recover these costs, however, shall not exceed the actual costs incurred for the expenses directly related to taking possession of a firearm, storing the firearm, and surrendering possession of the firearm to a licensed firearms dealer or to the owner. *Id.* ¶ 21. On November 22, 2005, the Los Angeles County Board of Supervisors adopted a $54

---

[2] The Complaint does not specify which Defendants executed the search warrant.

[3] The Complaint does not specify which Defendants made this demand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 3 of 11 |
|---|---|---|---|

per-firearm "administrative fee" to recover the costs of the seizure, storage and return of a firearm. *Id.* ¶ 22. In a letter to the Board in support of the fee's enactment, then-Sheriff Leroy D. Baca stated that several different classifications of LASD personnel are involved in the processing of firearms, from the initial booking to the storage and release. *Id.* ¶ 23. According to then-Sheriff Baca's cost breakdown, this work added up to a claimed 90 minutes of LASD staff time per gun, or $54.45 per firearm when taking the hourly pay of each employee into account. *Id.* ¶ 26.

The County's $54-per firearm administrative fee, as applied to Plaintiff, exceeded the LASD's actual administrative costs given that the work performed to process each firearm appears to have been duplicative. Compl. ¶¶ 41-43, 45. Plaintiff, through counsel, expressed to Defendants[4] that Plaintiff was willing to pay a reduced fee that more reasonably reflected the actual administrative costs of processing and storing the firearm collection. Defendants refused to negotiate a lower fee amount, leaving Plaintiff to pay the full amount of $24,354 in order to take possession of the firearms. *Id.* ¶ 46. On December 9, 2019, Plaintiff's counsel sent a letter to a Deputy County Counsel of the Sheriff's Legal Advisory Unit, informing Defendants that Plaintiff would pay the full amount of fees "under protest in order to get the firearms out of the possession of the county" and "to stop any claim that the continued storage of the firearms justifie[d] the current or any additional storage fees." Plaintiff's counsel repeated that Plaintiff remained open to negotiating a lower fee with the County. *Id.* ¶ 47.

At Plaintiff's request, the firearms that Defendants were willing to release to her were transferred to Carol Watson's Orange Coast Auctions, a properly licensed firearm dealer, to be sold at auction. Compl. ¶ 48. Upon release of the firearms to Orange Coast Auctions, Plaintiff discovered the extent of the damage to her firearms that resulted from being in LASD custody, through photographs taken by auction house personnel at the police station showing how poorly the firearms were stored by Defendant LASD. *Id.* ¶ 49. For instance, dozens of long guns were packed together tightly in plastic bins. *Id.* Photographs revealed that handguns were thrown haphazardly on top of each other; they were not stored in separate envelopes that would have protected them from damage. *Id.* The auction house estimated that the damage to the firearms caused by Defendants' treatment of them while in custody resulted in them selling for approximately $96,000 less than they would have had they not been damaged. *Id.* ¶ 50.

Defendants'[5] storage of the firearms violated LASD policies described in the Department's "Manual of Policy and Procedures" and conflicted with guidance for evidence and property

---

[4] The Complaint does not specify which Defendants to whom Plaintiff spoke.

[5] The Complaint does not specify which Defendants stored or supervised storage of the firearms.

CIVIL MINUTES—GENERAL                Initials of Deputy Clerk <u>KTI</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 4 of 11 |
|---|---|---|---|

handling from the California Commission on Peace Officer Standards and Training.  Compl. ¶¶ 51, 52.

Plaintiff's Complaint alleges six causes of action:  (1) Section 1983 claim for violation of the Eighth Amendment (Excessive Fines Clause) (against the County Defendants); (2) Section 1983 claim for violation of the Fourth Amendment (unreasonable seizure) (against all Defendants); (3) negligence (Cal. Civ. Code § 1714) (against all Defendants); (4) breach of bailment (Cal. Civ. Code § 1813) (against all Defendants); (5) trespass to chattels (against all Defendants); and (6) failure to train (against the County Defendants).  Plaintiff also seeks a judicial declaration that California Penal Code § 33880, as applied here, violates Plaintiff's Eighth Amendment rights or alternatively, that the County's fee violates the mandate set forth in California Penal Code § 33800 against charging a fee greater than the actual administrative costs related to processing and storing firearms. Compl. ¶ 54. Plaintiff also seeks a judicial declaration that Defendants' conduct violated Plaintiff's Fourth Amendment rights.  *Id.* ¶ 55.

## III.
## LEGAL STANDARD

### A.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) ("The court draws all reasonable inferences in favor of the plaintiff" when confronted with a Rule 12(b)(6) motion).  In evaluating the sufficiency of a complaint, courts must accept all factual allegations as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 5 of 11 |
|---|---|---|---|

true.  *Id.*  (citing *Twombly*, 550 U.S. at 555).  Legal conclusions, in contrast, are not entitled to the assumption of truth.  *Id.*

**B.**   **Section 1983 Claims**

To state a claim under 42 U.S.C. section 1983, plaintiffs must allege the "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Chucadoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (*citing Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)).  There is no dispute here that Defendants carried out the actions of which Plaintiff complains under color of law.  The dispute centers on whether those actions constitute a deprivation of any federal rights.

Plaintiff bases her section 1983 claims on allegations that:  (1) the LASD's per-firearm storage fee violates the Excessive Fines Clause of the Eighth Amendment; and (2) Defendants' unjustified delay in returning the seized firearms, and the damage done to the firearms while under Defendants' control, constituted an improper seizure under the Fourth Amendment.

**C.**   **Eighth Amendment**

The Eighth Amendment provides that "[e]xcessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted."  U.S. Const., amend. VIII (emphasis added).  The Excessive Fines Clause limits the government's "power to extract payments, whether in cash or in kind, as punishment for some offense."  *Wright v. Riveland*, 219 F.3d 905, 914 (9th Cir. 2000) (internal quotation marks and citations omitted).  "Even a civil sanction may be punitive for Eighth Amendment purposes."  *Louis v. Commissioner*, 170 F.3d 1232, 1236 (9th Cir. 1999), *cert. denied*, 528 U.S. 1115 (2000).  "Two questions are pertinent when determining whether the Excessive Fines Clause has been violated:  (1) Is the statutory provision a fine, i.e., does it impose punishment? and (2) If so, is the fine excessive?"  *Wright*, 219 F.3d at 914 (*citing Austin v. United States*, 509 U.S. 602, 619 (1993)).  "[T]he first question determines whether the Eighth Amendment applies; the second determines whether the Eighth Amendment is violated."  *Id.*

**D.**   **Fourth Amendment**

The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const. amend. IV.  It is well settled that "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | | Date | September 20, 2021 |
|---|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | | Page | 6 of 11 |
|---|---|---|---|---|

unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on unreasonable seizures." *United States v. Jacobsen*, 466 U.S. 109, 124 (1984) (internal quotation marks and citation omitted). "A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter, the government must cease the seizure or secure a new justification." *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017). Moreover, damage to a person's property may rise to "meaningful interference" with the party's possessory rights in violation of the Fourth Amendment. *See Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994).

**E.**     *Monell* **Liability**

A plaintiff seeking to hold municipalities liable for section 1983 violations must demonstrate that the alleged constitutional injury is attributable to a municipal custom or policy. *Los Angeles County v. Humphries*, 562 U.S. 29, 30–31 (2010) (*citing Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). To establish an official custom or policy sufficient for *Monell* liability, a plaintiff must show a constitutional violation pursuant to one of three theories: (1) the employee who caused the alleged harm acted pursuant to "an official municipal policy"; (2) the employee acted in keeping with the municipality's "longstanding practice or custom"; or (3) the employee caused the alleged harm through his "final policymaking authority." *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

**IV.**
**DISCUSSION**

**A.     County Defendants' MTD**

The County Defendants move to dismiss the Complaint on the grounds that (1) Plaintiff's section 1983 claim for an Eighth Amendment violation fails because the LASD's per-firearm storage fee is an administrative fee that is not punitive in nature, and in any event, the Eighth Amendment claim is moot because Plaintiff has already paid the fees; (2) Plaintiff's section 1983 claim for a Fourth Amendment violation fails because the seizure of firearms was authorized by a warrant, and any claims alleging damage to the firearms is untenable because Plaintiff has a meaningful state post-deprivation remedy available for her alleged losses; (3) to the extent Plaintiff challenges the constitutionality of California Penal Code § 33880, she has failed to notify and/or join the State of California as a party; (4) Plaintiff cannot state a claim for declaratory relief under 28 U.S.C. § 2201(a) because her section 1983 claims fail; and (5) the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | | Date | September 20, 2021 |
|---|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | | Page | 7 of 11 |
|---|---|---|---|---|

1.   **Eighth Amendment**

In her opposition, Plaintiff acknowledges that for a fee to come under the purview of the Eighth Amendment, it must be punitive in nature because the Excessive Fines Clause only limits the government's power to extract payments as punishment. [*See* Doc. # 26 at 13.] The Complaint does not sufficiently allege, however, that the a $54 per-firearm fee is punitive in nature. Rather, the Complaint alleges that the actual costs associated were less than the assessed fees as applied to her. Nor does the Complaint sufficiently allege *Monell* liability. The Complaint alleges that the per-firearm fee as applied to her, was excessive, while also acknowledging that Plaintiff's circumstances were unusual given the hundreds of firearms that she inherited as Trustee of the Fernandez Trust. *See, e.g.*, Compl. ¶ 44. Plaintiff must allege facts sufficient to show that the per-firearm fee as applied to her was punitive in nature and that the County Defendants had an official municipal policy, longstanding practice or custom, or that an employee caused the harm through his or her final policymaking authority. *See Webb*, 330 F.3d at 1164. The County Defendants' MTD the Eighth Amendment cause of action is therefore **GRANTED with leave to amend.**[6]

2.   **Fourth Amendment**

The Complaint alleges that:   (1) the County Defendants unreasonably held onto her firearms because the County Defendants' initial justification for the seizure extinguished upon Mr. Fernandez's death and they unreasonably required Plaintiff to pay storage fees that exceeded their actual costs; and (2) the County Defendants damaged her firearms in interference with her possessory interests. While these allegations may generally give rise to a Fourth Amendment claim, *see Beck*, 859 F.3d at 1197; *Bonds*, 20 F.3d at 702, the Complaint fails to allege sufficient facts that the County Defendants are liable under *Monell*. For example, the Complaint alleges that the County Defendants' actions in storing the firearms was 'in violation" of LASD policies described in the Department's Manual of Policy and Procedures, and conflicted with guidelines for evidence and property handling from the California Commission on Peace Officer Standards and Training. Compl. ¶¶ 51, 52. That is, as currently pled, the Complaint alleges that the County Defendants' actions went *against* LASD's official municipal policy or longstanding practice on storing firearms. For these reasons, the County Defendants' MTD the Fourth Amendment cause of action is **GRANTED with leave to amend.**[7]

---

[6] The fact that Plaintiff paid the fees under protest does not moot her Eighth Amendment claim. *See Pimentel v. City of Los Angeles*, 974 F.3d 917 (9th Cir. 2020); *see also Pimentel v. City of Los Angeles*, CV 14-1371-FMO (Ex) (C.D. Cal.) at Doc. # 29 (FAC alleging that plaintiffs paid the parking fines they were contesting did not moot their claims).

[7] The County Defendants' other arguments in favor of dismissing the Fourth Amendment claim are unavailing. Federal Rule of Civil Procedure 5.1 requires a party "that files a pleading, written motion, or other paper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 8 of 11 |
|---|---|---|---|

### 3.   Declaratory Relief & Supplemental Jurisdiction

Because Plaintiff's Fourth and Eighth Amendment claims are dismissed, to the extent Plaintiff alleges a declaratory relief claim relating to those dismissed claims, it is also dismissed. Further, because the Court has dismissed the only claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims, *see* 28 U.S.C. § 1367(c)(3), subject to adequate repleading of both federal and state law claims in a First Amended Complaint.

### B.   County Employee Brown's MTD

Defendant Brown moves to dismiss the Complaint on the grounds that:  (1) Plaintiff's section 1983 claim for a Fourth Amendment violation fails to allege facts subjecting her to liability; (2) Defendant Brown is entitled to qualified immunity; and (3) the Court should decline to exercise supplemental jurisdiction over the remaining state law claims asserted against her (Third Cause of Action (negligence); Fourth Cause of Action (breach of bailment); Fifth Cause of Action (trespass to chattels)).

The Complaint alleges that (1) Defendant Brown is a Property Custodian at the Palmdale Sheriff Station, (2) at all relevant times, she was acting in the course and scope of her employment with LASD, and (3) she was, at certain times identified in the Complaint, acting under color of state law within the meaning of section 1983.  Compl. ¶ 11.  The Complaint also alleges that the County Defendants "failed to properly screen, train and/or supervise their officers and personnel, including . . . [Defendant] Brown, with regard to such written policies, guidelines, and laws [regarding firearm handling and storage procedures]" and that the County Defendants' officers and personnel "thus wrongly applied an excessive fine on the Fernandez firearms, and also stored them poorly resulting in extensive damage."  *Id.* ¶ 101.  No further allegations are made in the Complaint with respect to Defendant Brown.  The Complaint contains insufficient allegations that Defendant

---

drawing into question the constitutionality of a . . . state statute" to promptly file a notice of the constitutional question and serve that notice on the state attorney general.  The Complaint does not challenge California Penal Code section 33880(a) on its face, but as applied to Plaintiff.  Even if as-applied challenges require Rule 5.1 notices (which does not appear to have been clearly decided by the Ninth Circuit), it appears that Plaintiff promptly filed a Rule 5.1 notice out of an abundance of caution.  [*See* Doc. # 20.]   The County Defendants' argument that Plaintiff's Fourth Amendment claim fails because she has an adequate post-deprivation state court remedy is unconvincing, as their cited cases refer to Fourteenth Amendment due process claims.  [*See* Doc. # 15 (County Defs.' MTD) at 14 (*citing, inter alia, Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *see also King v. Massarweh*, 782 F.2d 825, 827 (9th Cir. 1986) ("While *Parratt [v. Taylor*, 451 U.S. 527 (1981)] may bar the appellants' due process claims, it does not foreclose their other constitutional claims. *Parratt* does not apply to plaintiffs claiming direct violation of their substantive constitutional rights, as distinct from their due process rights.").]

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 9 of 11 |
|---|---|---|---|

Brown was involved in the alleged improper, prolonged seizure of Plaintiff's firearms or that Defendant Brown was involved in the alleged improper storage of Plaintiff's firearms, which led to their diminished value and infringement on Plaintiff's possessory rights. The Complaint only alleges that Defendant Brown was "*a* Property Custodian" (not, for example, the Property Custodian at the relevant location, or the officer who exercised authority and control over the handling, storage, and maintenance of Plaintiff's firearms). Accordingly, Defendant Brown's motion to dismiss the Fourth Amendment claim against her is **GRANTED with leave to amend.**

Because Plaintiff's Fourth Amendment claim is dismissed, to the extent Plaintiff alleges a declaratory relief claim, it is also dismissed. Further, because the Court has dismissed the only claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims asserted against Defendant Brown, *see* 28 U.S.C. § 1367(c)(3), subject to adequate repleading of the federal and state claims in a FAC.

Although Defendant Brown alleges that the Fourth Amendment claim should be dismissed on qualified immunity grounds, the sparse allegations set forth against her in the Complaint render it impossible to resolve the issue of qualified immunity at this juncture.[8] Defendant Brown may renew her motion for qualified immunity once more detailed allegations are set forth in any FAC.

## C.    Deputy Defendants' MTD

The Deputy Defendants also move to dismiss the Complaint on the grounds that: (1) Plaintiff's section 1983 claim for a Fourth Amendment violation fails to allege facts subjecting them to liability; (2) the Deputy Defendants are entitled to qualified immunity; and (3) the Court should decline to exercise supplemental jurisdiction over the remaining state law claims asserted against them (Third Cause of Action (negligence); Fourth Cause of Action (breach of bailment); Fifth Cause of Action (trespass to chattels)).

---

[8] Qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Kirkpatrick v. City of Washoe*, 792 F.3d 1184, 1193 (9th Cir. 2015) (*quoting Ashcroft v. al–Kidd*, 563 U.S. 731 (2011)). Plaintiff bears the burden of "showing that the rights allegedly violated were clearly established." *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017), *cert. denied sub nom. Shafer v. Padilla*, 138 S. Ct. 2582 (2018). Demonstrating that the unlawfulness of a government official's actions is "clearly established" requires a showing that a reasonable official would have understood that what he is doing violates a constitutional or other federal right. *Id.* at 1195. A plaintiff may not do so by describing violations of clearly established general or abstract rights. Rather, a plaintiff must show that the existence of the specific right they invoke is "beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 10 of 11 |
|---|---|---|---|

The Complaint alleges that Deputy Waldron is, and at all times relevant was, employed by Defendant LASD and holds the title of "Deputy." The Complaint alleges that at all relevant times, Deputy Waldron was acting in the course and scope of his employment with LASD, and that he was, at certain times identified in the Complaint, acting under color of state law within the meaning of 42 U.S.C. § 1983. Compl. ¶ 9. The Complaint further alleges that on June 11, 2018, Deputy Waldron presented a statement of probable cause to the Los Angeles County Superior Court, and Judge Chung issued a warrant to search Mr. Fernandez's residence. *Id.* ¶ 34. The Complaint also alleges that the County Defendants "failed to properly screen, train and/or supervise their officers and personnel, including . . . [Deputy] Waldron . . . with regard to such written policies, guidelines, and laws [regarding firearm handling and storage procedures]" and that the County Defendants' officers and personnel "thus wrongly applied an excessive fine on the Fernandez firearms, and also stored them poorly resulting in extensive damage." *Id.* ¶ 101. No further allegations are made in the Complaint with respect to Deputy Waldron. The Complaint contains insufficient allegations that Deputy Waldron was involved in the alleged improper, prolonged seizure of Plaintiff's firearms or that Deputy Waldron was involved in the alleged improper storage of Plaintiff's firearms which led to their diminished value and infringement on Plaintiff's possessory rights. Indeed, as currently pled, the Complaint alleges only that Deputy Waldron was involved in obtaining the initial seizure warrant for Mr. Fernandez's firearms, which Plaintiff does not contest in any capacity.

Similarly, the Complaint alleges that Detective Roth is, and at all times relevant was, employed by Defendant LASD and holds the title of "Detective." The Complaint alleges that at all relevant times, Detective Roth was acting in the course and scope of his employment with LASD, and that he was, at certain times identified in the Complaint, acting under color of state law within the meaning of 42 U.S.C. § 1983. Compl. ¶ 10. The Complaint alleges that Detective Roth authored a supplemental report indicating that 458 of the seized firearms were legal to possess under California law, and thus not contraband, if possessed by an individual not prohibited from possessing firearms generally. *Id.* ¶ 37. The Complaint also alleges that the County Defendants "failed to properly screen, train and/or supervise their officers and personnel, including . . . [Detective] Waldron . . . with regard to such written policies, guidelines, and laws [regarding firearm handling and storage procedures]" and that the County Defendants' officers and personnel "thus wrongly applied an excessive fine on the Fernandez firearms, and also stored them poorly resulting in extensive damage." *Id.* ¶ 101. No further allegations are made in the Complaint with respect to Detective Roth. The Complaint contains insufficient allegations that Detective Roth was involved in the alleged improper, prolonged seizure of Plaintiff's firearms or that Detective Roth was involved in the alleged improper storage of Plaintiff's firearms which led to their diminished value and infringement on Plaintiff's possessory rights. Apart from authoring a supplemental report, which is, as currently pled, insufficiently connected to Plaintiff's Fourth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 20, 2021 |
|---|---|---|---|

| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 11 of 11 |
|---|---|---|---|

Amendment claim, there are no facts regarding Detective Roth's alleged involvement with the firearms.  Accordingly, the Deputy Defendants' motion to dismiss the Fourth Amendment claim against them is **GRANTED with leave to amend.**

Because Plaintiff's Fourth Amendment claim is dismissed, to the extent Plaintiff alleges a declaratory relief claim, it too is dismissed.  Further, because the Court has dismissed the only claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims asserted against the Deputy Defendants, *see* 28 U.S.C. § 1367(c)(3), subject to adequate repleading of federal and state law claims in a FAC.

Although the Deputy Defendants allege that the Fourth Amendment claim should be dismissed on qualified immunity grounds, as above with respect to Defendant Brown, the sparse allegations set forth against the Deputy Defendants in the Complaint render it impossible to resolve the issue of qualified immunity at this juncture.  The Deputy Defendants may also renew their request for qualified immunity after more details are alleged in any FAC.

**VI.**
**CONCLUSION**

In light of the foregoing, the Court **GRANTS** the County Defendants' MTD; **GRANTS** Defendant Brown's MTD; and **GRANTS** the Deputy Defendants' MTD.

Because Plaintiff may be able to cure the deficiencies identified in this Order by alleging new or different facts, and because Plaintiff has requested leave to amend any deficient claims, the Court **GRANTS** Plaintiff leave to amend as to *all* claims.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'"). Plaintiff shall file the First Amended Complaint within 21 days of the date of this Order. Defendants shall file their response within 21 days after Plaintiff files and serves the First Amended Complaint.

**IT IS SO ORDERED.**