Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
nelson-fulton@nelson-fulton.com
amberlogan@nelson-fulton.com

Attorneys for Defendants, County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Villanueva, Los Angeles County Employees Ames, O'Leary Brown, Dingham, Jacob, Leon, Moreno IV, Roach, Roth, Saylor, Waldron

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PATRICIA FERNANDEZ, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; WYATT WALDRON, an individual; JOHN ROTH, an individual; SUSAN O'LEARY BROWN an individual; ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County; RICHARD LEON, an individual; MURRAY JACOB an individual; DAVID ROACH, an individual; SALVADOR MORENO IV, an individual; JASON AMES, an individual; KYLE DINGMAN, an individual; NICHOLAS SAYLOR, an individual; and DOES 8 through 20,<br><br>　　　　　Defendants. | CASE NO. 2:20-cv-09876-DMG (PD)<br><br>[Fee Exempt - Govt. Code §6103]<br><br>**DEFENDANTS, COUNTY OF LOS ANGELES EMPLOYEES AMES, O'LEARY BROWN, DINGMAN, JACOB, LEON, MORENO IV, ROACH, ROTH, SAYLOR AND WALDRON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S ENTIRE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>[F.R.C.P. 12(b)(1) and (6)]<br><br>Date:　January 14, 2022<br>Time:　9:30 a.m.<br>Place:　Courtroom 8C<br>Judge: Hon. Dolly M. Gee |

TO THE COURT, TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:

　　PLEASE TAKE NOTICE that on January 14, 2022, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 8C of the United States District Court, located at 350 West 1st Street, 8th Floor, Los Angeles, CA 90012, the Defendants,

JASON AMES, SUSAN O'LEARY BROWN, KYLE DINGMAN, MURRAY JACOB, RICHARD LEON, SALVADOR MORENO IV, DAVID ROACH, JOHN ROTH, NICHOLAS SAYLOR, and WYATT WALDRON (sued in their individual capacities as employees of the COUNTY OF LOS ANGELES), will move the Court for an order dismissing the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief can be granted.

This motion shall be supported by this notice, the accompanying Memorandum of Law and upon all pleadings and papers on file herein.

### MEET AND CONFER REQUIREMENT

On October 27, 2021, I met and conferred telephonically with Plaintiff's counsel, Ms. Anna Barvir, regarding the grounds for the motion. As many of the issues are duplicative of issues raised in the defendant's first Motion to Dismiss, the parties were unable to resolve any of the contested issues during that meeting. Ms. Barvir stipulated to a continuance for the defendants to respond to the First Amended Complaint by November 22, 2021.

DATED: November 22, 2021                    **NELSON & FULTON**

By: s / Amber A. Logan
AMBER A. LOGAN
Attorneys for Defendants,
County Employees Jason Ames, et al.

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    THE PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT AGAINST THESE DEFENDANTS . . . . . . . . . . . . . . . . . . 3

    A.    THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM SUIT IN THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S CLAIM FOR A VIOLATION OF THE FOURTH AMENDMENT FOR UNLAWFUL RETENTION OF PROPERTY.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.    The Defendants Did Not Violate the Fourth Amendment by Retaining the Firearms Until the Fee Had Been Paid . . . . . . . . . . . . . 6

        2.    There is No Allegation of a Deprivation Based on Clearly Established Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.    THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY UNDER THE FOURTH AMENDMENT CLAIM FOR PROPERTY DAMAGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.    COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIM . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES**                                                                                                      **Page(s)**

Anderson v. Creighton, 483 U.S. 635, 640 (1987)

Ashcroft v Iqbal, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Balistreri v. Pacifica Police Dept., 901 F.2d 695, 699 (9th Cir. 1990) . . . . . . . . . . . . . . 4

Bauer v Becerra, 858 F.3d 1216 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . 3

Brewster v Beck, 859 F.3d 1194, 1197 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . 7

Brigham City v. Stuart, 547 U.S. 398, 403, (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

California v. Hodari D., 499 U.S. 621, 624 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Camara v. Municipal Court of City and County of San Francisco,
    387 U.S. 523, 528 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cox v. New Hampshire, 312 U.S. 569, 577 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cupp v Harris, 2021 WL 4443099 *4, slip copy filed September 28, 2021,
(E.D. Cal. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

E. Conn. Citizens Action Grp. v. Powers,
    723 F.2d 1050, 1056 (2d Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hope v. Pelzer, 536 U.S. 730, 741, (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hunter v. Bryant, 502 U.S. 224, 227 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jessop v City of Fresno, 936 F.3d 937 (9th Cir., 2019) . . . . . . . . . . . . . . . . . . . . . . . 10

Kirkpatrick v. City of Washoe, 792 F.3d 1184, 1193 (9th Cir. 2015) . . . . . . . . . . . . . . . 4

Kwong v Bloomberg, 723 F.3d 160, 165 (2nd Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 8

Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 4

Maine v Thiboutot, 448 U.S. 1 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pearson v. Callahan, (2009) 555 U.S. 223, 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Shafer v City of Santa Barbara, 868 F.3d 1110, 1118 (9th Cir. 2017) . . . . . . . . . . . . . . 4

Soldal v. Cook Cty., Ill., 506 U.S. 56, 61 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 471, 21 L.Ed. 897 (1873) . . . . . . . . . . 10

Tolan v. Cotton, 572 U.S. 650, 656, (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Jacobsen, 466 U.S. 109 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

West v Atkins, 487 U.S. 42, 48 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wilson v. Layne, 526 U.S. 603, 617 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Wilson v Lynch, 835 F.3d 1083, 1097 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7
Cal. Penal Code § 28225 (b)(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
California Penal Code §33880 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6-9
Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
U.S. Const. amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATEMENT OF THE FACTS**

In the year 2009, Plaintiff Ana Patricia Fernandez contends that her husband Manuel Fernandez was a convicted felon prohibited from owning firearms, ammunition, magazines and speed loaders. Special Agent Alvaro Arreola of the California Department of Justice Bureau of Firearms reported that their database of Armed Prohibited Persons, revealed that Manuel Fernandez purchased 41 firearms prior to becoming prohibited, but failed to transfer them from his possession pursuant to the terms and conditions of his conviction. *(FAC, ¶¶ 41-45).*

Special Agent Alvaro's report also provided the Los Angeles County Sheriff's Department (hereafter "LASD") received a tip on or about June 10, 2018, indicating that Manuel Fernandez was in possession of a large collection of firearms. *(FAC, ¶ 46)*

On June 11, 2018, Los Angeles County Sheriff's Deputy Wyatt Waldron presented a statement of probable cause to Judge Lisa Chung who issued a warrant for the search of the Fernandez residence. The June 14, 2018- search resulted in the seizure of more than 400 firearms. *(FAC, ¶¶ 47-49).*

Subsequent seizures of the residence occurred pursuant to subsequent warrants on June 15, June 21, and June 29, 2018. These searches resulted in the seizure of dozens of additional weapons, ammunition magazines and speed loaders. *(FAC, ¶ 51).*

The FAC alleges on information and belief that Deputies Roth and Waldron damaged the seized firearms either when executing the warrant or when transporting them to their first storage location believed to be the Palmdale Sheriff's Station. *(FAC, ¶ 51).*

The FAC further alleges on information and belief that between June 14 and June 18, 2018, the firearms arrived at the Palmdale Sheriff's Station where Defendants Ames, Dingman, Jacob, Leon, Moreno, O'Leary-Brown, Roach, Roth and Saylor booked them into custody. *(FAC, ¶ 53-54).* It is alleged that the firearms were in March 2019, all of the seized firearms were transferred to the LASD warehouse in Whittier for Storage where defendants O'Leary-Brown and "Doe 8" were responsible for the storage, handling and

safeguarding the firearms, but failed to do so. *(FAC, ¶ 56-57)*. It is alleged that despite written LASD policies regarding the proper storage of the firearms the plaintiffs contend that each of these defendants failed to properly and safely store the firearms. *(FAC, ¶ 55)*. It is further alleged that in determining whether the firearms were legal to own, Deputy Roth and/or "Doe 9" examined the firearms and in the course of handling them, damaged them. *(FAC, ¶ 60)*.

California Penal Code § 33880 (formerly § 12021.3), permits the County of Los Angeles to recover its administrative costs related to taking possession, storing, and releasing of any firearm, ammunition feeding device, or ammunition seized under the circumstances alleged here. Under the California Penal Code, any fee set by local authorities to recover these costs, shall not exceed the actual costs incurred for the expenses directly related to the taking possession of a firearm, storing a firearm, and surrendering the firearm to a licensed firearms dealer or to the owner. *(FAC, ¶ 29-30)*

On November 22, 2005, the Los Angeles County Board of Supervisors adopted a $54 per firearm administrative fee to recover the costs of seizure, storage and return of a firearm. *(FAC, ¶ 31)*. In a letter to the Board, then-Sheriff Leroy D. Baca stated that several different classifications of LASD personnel are involved in the processing of firearms. According to the then-Sheriff's cost breakdown, this work added up to 90 minutes of LASD staff time per firearm, or $54.45 per firearm when taking the hourly pay of each employee into account. *(FAC, ¶ 32-37)*.

In passing the fee, the Board of Supervisors expected that about 500 firearms in total would be subject to the fee annually. *(FAC, ¶ 38)*. The Plaintiff contends that it is thus clear that the County's administrative fee, as calculated, was never intended to apply to a firearm collection if hundreds of firearms seized from a single owner. Plaintiffs conclude that the LASD mainly contemplated the seizure of either individual firearms or small collections from many different sources. *(FAC, ¶ 39)*.

On September 27, 2018, Manuel Fernandez passed away after his firearms were seized, but before his trial began. *(FAC, ¶ 74)*. Title to the firearms passed to the Plaintiff, Ana Fernandez as the trustee off the Fernandez Trust. *(FAC, ¶ 76)*.

The LASD assessed a fee of $ 54 per firearm for the return of the firearms seized from Manuel Fernandez for a total of $24,354.00. *(FAC, ¶ 77)*. The Plaintiff attempted to negotiate a reduced fee, but the County would not reduce the fee. *(FAC, ¶ 78)*.

On December 9, 2019, the Plaintiff agreed to pay the fee to have the firearms released to a licensed firearms dealer to be sold at auction. *(FAC, ¶ 88)*. Upon receipt of the firearms, the Plaintiff contends that the firearms were poorly stored, resulting in a diminished value of the firearms. *(FAC, ¶ 61-63)*.

The County of Los Angeles' employees sued in this action hereby bring this Motion to Dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

### I.

### THE PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FEDERAL CIVIL RIGHTS ACT AGAINST THESE DEFENDANTS

A dismissal under Rule12(b)(6) of the *Federal Rules of Civil Procedure* is appropriate in either of the following cases: 1) where the facts alleged in the complaint are insufficient under a cognizable legal theory; or 2) where there is no cognizable legal theory alleged. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 695, 699 (9th Cir. 1990).

In order to comply with the pleading requirements of the Federal Rules of Civil Procedure, the plaintiff has an "obligation to provide the grounds of his entitlement to relief" by stating facts as opposed to "labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). "The factual allegations must be enough to raise a right to relief above the

1  speculative level" and the plain statement must "possess enough heft to show that the
2  pleader is entitled to relief." Id. at pp. 555-557. "To survive a motion to dismiss, a
3  complaint must contain sufficient factual matter, accepted as true, to state a claim for relief
4  that is plausible on its face." Ashcroft v Iqbal, 556 U.S. 662, 679 (2009).

"In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Plaintiff's claims are alleged under the Federal Civil Rights Act, Title 42 U.S.C. Section 1983. Section 1983 is a method for "vindicating violations of federal constitutional and federal statutory rights conferred elsewhere." Maine v Thiboutot, 448 U.S. 1 (1980). In order to state a claim under the federal civil rights act, the Plaintiff must allege that a specific defendant, while acting under color of state law, deprived the Plaintiff of a right guaranteed by the Constitution or federal law. West v Atkins, 487 U.S. 42, 48 (1988). Liability pursuant to section 1983 hinges upon proof that: (1) the defendant, acting under color of state law committed the conduct at issue, and (2) that the defendant's conduct deprived the plaintiff of a right, privilege or immunity protected by the Constitution or laws of the United States. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

**A.  THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM SUIT IN THIS CASE.**

Qualified immunity shields federal and state officials from money damages unless the Plaintiff pleads facts showing (1) that the official violated a constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." Kirkpatrick v. City of Washoe, 792 F.3d 1184, 1193 (9th Cir. 2015). The Plaintiff "bears the burden of showing that the rights alleged were clearly established." Shafer v City of Santa Barbara, 868 F.3d 1110, 1118 (9th Cir. 2017).

The Supreme Court has mandated a two-step process resolving government officials' qualified immunity claims. The court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Pearson v. Callahan,* (2009) 555 U.S. 223, 232. The court has the discretion to determine the sequence in which these two steps are analyzed. *Id.* at p. 236.

"Clearly established" for qualified immunity purposes means that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. His very action need not previously have been held unlawful, but in the light of per-existing law its unlawfulness must be apparent. *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.'" *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). "Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson,* at p. 640, n.2. "Accordingly, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Hunter v. Bryant,* 502 U.S. 224, 227 (1991).

The FAC alleges a sole federal claim against these defendants – Violation of the Fourth Amendment. The defendants contend that the First Amended Complaint fails to allege a Fourth Amendment violation, and if one is alleged, these defendants are entitled to qualified immunity.

**B.     THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S CLAIM FOR A VIOLATION OF THE FOURTH AMENDMENT FOR UNLAWFUL RETENTION OF PROPERTY.**

1. *The Defendants Did Not Violate the Fourth Amendment by Retaining the Firearms Until the Fee Had Been Paid.*

The Plaintiff's Second Claim for Relief is alleged under the Fourth Amendment. The Fourth Amendment provides that, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 528 (1967).

The Plaintiff does not challenge the LASD's seizures of the firearms and other items from her husband, Miguel Fernandez, which were made pursuant to several warrants offer a period of four days in June 2018. Instead, the Plaintiff alleges that the LASD continued retention of the weapons from the dismissal of the criminal case to until the payment of the fee pursuant to California's Law Enforcement Gun Retention law (Penal Code ¶ 33880), violated the Fourth Amendment. The County employees allege no Fourth Amendment violation for the retention of the seized firearms.

The Fourth Amendment prohibits "unreasonable searches and seizures," thus protecting citizens against government seizures of property without legal process. U.S. Const. amend. IV; *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61 (1992). A "seizure of property ... occurs when there is some meaningful interference with an individual's possessory interests in that property." Id. (quoting, *United States v. Jacobsen*, 466 U.S. 109 (1984). When assessing whether a Fourth Amendment violation has occurred, "the ultimate touchstone" of the inquiry "is 'reasonableness.'" *Brigham City v. Stuart*, 547 U.S. 398, 403, (2006).

A reasonable seizure of property does not violate the Fourth Amendment. The defendants concede that a lawful seizure of property may violate the Fourth Amendment if the justification for the seizure ends. "A seizure is justified under the Fourth Amendment only to the extent that he government's justification holds force. Thereafter, the

government must cease the seizure or secure a new justification." *Brewster v Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017).

The retention of the lawfully seized firearms until the Plaintiff paid the fee for their transfer to a licensed firearms dealer was not unreasonable under the Fourth Amendment. In the First Amendment context, the Supreme Court has held that governmental entities may impose licensing fees relating to the exercise of constitutional rights when the fees are designed "to meet the expense incident to the administration of the [licensing statute] and to the maintenance of public order in the matter licensed." *Cox v. New Hampshire,* 312 U.S. 569, 577 (1941) (quotation marks omitted). Imposing fees on the exercise of constitutional rights is permissible when the fees are designed to defray (and do not exceed) the administrative costs of regulating the protected activity. *E. Conn. Citizens Action Grp. v. Powers,* 723 F.2d 1050, 1056 (2d Cir.1983).

In *Bauer v Becerra*, 858 F.3d 1216 (9th Cir. 2017), the Ninth Circuit applied First Amendment "fee jurisprudence" analysis to a claim that California's use of a portion of firearm transfer fees to fund enforcement efforts against illegal firearm purchasers violated the Second Amendment. Id. at 1218. The court recognized that public safety is advanced by keeping guns out of the hands of people who are most likely to misuse them and that the State has "a significant, substantial, or important interest in" in laws designed for those purposes. Id. at 1223. The court held that there was a "reasonable fit" between the State's important interest in promoting public safety and disarming prohibited persons and the fees intended to fund "costs associated with funding Department of Justice firearms-related regulatory and enforcement activities related to the sale, purchase, possession, loan or transfer of firearms" under Cal. Penal Code § 28225 (b)(11).

In this same vein, California Penal Code § 33880 (formerly § 12021.3), permits the County of Los Angeles to recover its administrative costs related to taking possession, storing, and releasing of any firearm, ammunition feeding device, or ammunition seized under the circumstances alleged here.

1       The objective of California's Law Enforcement Gun Release ("LEGR") process "is
2 one of public safety: keeping firearms out of the hands of those who – under California
3 law – are not eligible to possess them." <u>Cupp v Harris</u>, 2021 WL 4443099 *4, slip copy
4 *filed September 28, 2021, (E.D. Cal. 2021)*, citing, <u>Wilson v Lynch,</u> 835 F.3d 1083, 1097
5 (9th Cir. 2016). The government has a "long-recognized ability to impose fees relating to
6 the exercise of constitutional rights when those fees are designed to defray the
7 administrative costs of regulating protected activity." <u>Id</u>., citing, <u>Kwong v Bloomberg</u>, 723
8 F.3d 160, 165 (2nd Cir. 2013).
9       Here, the Plaintiff does not contend that Penal Code § 33880 is itself,
10 unconstitutional or that the statute permitting an assessment for the seizure, storage,
11 retention and return of firearms is itself unreasonable. The Plaintiff's contention is that the
12 fee as applied to her was unreasonable.
13       There can be no Fourth Amendment violation where the justification for the
14 retention of the seized property is reasonable. While the justification for the seizure of
15 Miguel Fernandez's firearms under the warrants had ended with his death and the
16 dismissal of the criminal case, California Penal Code § 33880 provided a new justification
17 for the LASD's retention of the firearms until the payment of the fee had been paid. The
18 law permits the LASD to recover its administrative costs before the transfer of the firearms
19 from its custody.
20       As there is a reasonable justification for the retention of the firearms after Miguel
21 Fernandez's death, the Plaintiff's First Amended Complaint fails to state a claim under the
22 Fourth Amendment.
23       2.    <u>*There is No Allegation of a Deprivation Based on Clearly Established Law*</u>.
24       Even if the retention of the firearms is found to have violated the Fourth
25 Amendment, the County's employees are entitled to qualified immunity because no clearly
26 established law precluded the County's employees from retaining the Plaintiff's firearms
27 until the fee had been paid. The clearly established law in this case permitted the Sheriff's

1 Department to assess a fee for the costs incurred with the seizure, impound, storage and
2 release of the firearms in question, (Cal. Penal Code § 33880). The FAC alleges that in
3 2005, the Sheriff of Los Angeles County determined the amount of $54 to be the
4 reasonable value associated with the seizure, impound, storage and release of the firearms
5 seized under the facts of this case. There is no showing that County's employees had any
6 discretion with regard to assessing the fee, or authority to negotiate a lower fee as
7 requested by the Plaintiff. There are simply no facts alleged to support a contention that
8 while acting as property custodians over weapons seized pursuant to a warrant, and for
9 which an administrative fee was assessed for their return, the County's employees could
10 reasonably have understood that they acted in violation of the Fourth Amendment.

11 Thus, the County's employees are entitled to qualified immunity for the alleged
12 unlawful retention of property in violation of the Fourth Amendment.

13 **C.     THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**
14 **UNDER THE FOURTH AMENDMENT CLAIM FOR PROPERTY DAMAGE.**

15 Whether a law enforcement official entitled to the protection of qualified
16 immunity may be held personally liable for the alleged unlawful action will depend on the
17 "objective legal reasonableness" of the action, which must be assessed in light of the laws
18 or "legal rules" that were "clearly established" at the time the action occurred. *Anderson*,
19 483 U.S. at 639–40. The Court specifically held that "[t]he contours of the right must be
20 sufficiently clear that a reasonable official would understand that what he is doing violates
21 that right." *Id.* A defendant violates an individual's clearly established rights only when
22 "'the state of the law' at the time of an incident provided 'fair warning'" to the defendant
23 that his or her conduct was unconstitutional. *Tolan v. Cotton*, 572 U.S. 650, 656, (2014)
24 (quoting *Hope v. Pelzer*, 536 U.S. 730, 741, (2002))

25 The Fourth Amendment "right" of which this the Plaintiff complains is the alleged
26 retention and damage to her personal property that occurred after the lawful seizure under
27 the Fourth Amendment. There is no support for the Plaintiff's contention that the retention

1 and alleged "grossly negligent" damage to personal property following a lawful seizure,
2 violates the Fourth Amendment. As such, there are no facts alleged which show that
3 Deputies Waldron or Roth violated any clearly established law in this case.

4     In the matter of <u>Jessop v City of Fresno</u>, 936 F.3d 937 (9th Cir., 2019), Plaintiff's
5 sought to hold the defendant law enforcement officers liable under the Fourth Amendment
6 for stealing personal property which had been seized under a lawful warrant. Plaintiffs
7 argued that "[a]lthough the City Officers seized Appellants' money and coins pursuant to a
8 lawful warrant, their continued retention—and alleged theft—of the property was a
9 violation of the Fourth Amendment. Id. at 941.

10     The Ninth Circuit found that the officers were entitled to qualified immunity as
11 there was no clearly established law which provided that property, once lawfully seized,
12 and later stolen, violates the Fourth Amendment. "The lack of 'any cases of controlling
13 authority' or a 'consensus of cases of persuasive authority' on the constitutional question
14 compels the conclusion that the law was not clearly established at the time of the incident.
15 <u>Id</u>. at 942, <u>citing</u>, <u>Wilson v. Layne</u>, 526 U.S. 603, 617 (1999). "Although the City Officers
16 ought to have recognized that the alleged theft of Appellants' money and rare coins was
17 morally wrong, they did not have clear notice that it violated the Fourth Amendment —
18 which, as noted, is a different question." <u>Id.</u>

19     The concurring opinion in <u>Jessop</u> provides that Supreme Court jurisprudence does
20 not include a retention of property in the definition of a Fourth Amendment seizure. "The
21 Court has defined a seizure as 'a single act, and not a continuous fact.'" *Jessop*, at 943;
22 citing, <u>Thompson v. Whitman</u>, 85 U.S. (18 Wall.) 457, 471, 21 L.Ed. 897 (1873). "From
23 the time of the founding to the present, the word 'seizure' has meant a 'taking possession.'
24 " <u>Id., citing, California v. Hodari D.</u>, 499 U.S. 621, 624 (1991). The concurring opinion
25 held that the Supreme Court cases suggest that, once the government has taken possession
26 of property, a seizure is complete. <u>Jessop</u>, at 943.

27

Here the Plaintiffs contend that the County's employees are liable to them under the Fourth Amendment for the damage to the firearms which occurred as a result of the seizure and storage of the firearms. Assuming the Plaintiffs to be factually correct – that County's employees damaged the firearms – there is no clearly established law which provides that they violated the Fourth Amendment in doing so. As set forth above, the seizure occurred pursuant to a valid warrant under California law, issued by a Superior Court Judge. Nor is there support for the contention that the alleged damages to the seized firearms violated the clearly established law which would have put the County's employees on notice that they violated the Fourth Amendment.

The County's employees are entitled to qualified immunity for the acts alleged in the FAC, and this action against them must be dismissed.

## II.

## COURT SHOULD REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIMS

The plaintiff's 3rd Claim (negligence), 4th Claim (Breach of Bailment), 5th (Trespass to Chattels) and 6th (Failure to Train) are alleged under California law. The FAC alleges that jurisdiction over these claims is proper under 28 U.S.C. § 1367 because they are supplemental to the federal "causes of action." As set forth above, there are no federal statutes or law implicated by the facts alleged in this case. Once the conclusory allegations are removed, the bare essence of this case sounds in tort law. Thus, this court should refuse to exercise supplemental jurisdiction over these claims as the state claims predominate. 28 U.S.C. § 1367 (c)(2). This court should also refuse to exercise supplemental jurisdiction where each of the "federal" claims should be dismissed. 28 U.S.C. § 1367 (c)(3).

/////

/////

## CONCLUSION

For the foregoing reasons, Defendants, County of Los Angeles employees JASON AMES, SUSAN O'LEARY BROWN, KYLE DINGMAN, MURRAY JACOB, RICHARD LEON, SALVADOR MORENO IV, DAVID ROACH, JOHN ROTH, NICHOLAS SAYLOR and WYATT WALDRON, hereby respectfully request that this Court dismiss Plaintiff's entire FAC, and all claims alleged against them.

DATED: November 22, 2021            Respectfully submitted,

**NELSON & FULTON**


By: s / Amber A. Logan
　　AMBER A. LOGAN
　　Attorneys for Defendants,
　　County Employees Jason Ames, et al.