Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
nelson-fulton@nelson-fulton.com
amberlogan@nelson-fulton.com

Attorneys for Defendants, County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Villanueva, Los Angeles County Employees Ames, O'Leary Brown, Dingham, Jacob, Leon, Moreno IV, Roach, Roth, Saylor, Waldron

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANA PATRICIA FERNANDEZ,

Plaintiff,

vs.

LOS ANGELES COUNTY; et al.,

Defendants.

CASE NO. 2:20-cv-09876-DMG (PD)

**DEFENDANTS, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF ALEX VILLANUEVA'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** [F.R.C.P. 12(b)(6)]

Date: January 14, 2022
Time: 9:30 a.m.
Place: Courtroom 8C
Judge: Hon. Dolly M. Gee

TO THE COURT, TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD:

Defendants, COUNTY OF LOS ANGELES (also sued and served as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT), and SHERIFF ALEX VILLANUEVA, hereby reply to the Plaintiff's opposition to their Motion to Dismiss the First Amended pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief can be granted.

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. THE PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF THE EIGHTH AMENDMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PLAINTIFF FAILS TO ESTABLISH A FOURTH AMENDMENT VIOLATION FOR RETENTION OF SEIZED PROPERTY... . . . . . . . . . . . . . . . . 3

III. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY AGAINST THESE DEFENDANTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT IS NOT A PERSON THAT CAN BE SUED UNDER SECTION 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. THERE IS NO FORMAL POLICY VIOLATION ALLEGED AGAINST THESE DEFENDANTS UNDER *MONELL* . . . . . . . . . . . . . . . . . . . . 5

1. There is no Monell Liability Alleged for Assessing the Per Firearm Fee/Retention of the Firearms Until Fee was paid . . . . . . . . . . . . . 6

2. The FAC Alleges No Formal Policy for Destruction of Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C. THE FAC FAILS TO ALLEGE LIABILITY BASED ON A LONG STANDING CUSTOM AND PRACTICE . . . . . . . . . . . . . . . . . . . . . . . . 9

D. THE FAC FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR FAILURE TO TRAIN AND SUPERVISE UNDER *MONELL*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E. THE FAC FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER A THEORY OF FAILURE TO DISCIPLINE . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

**CASES** **Page(s)**

Anderson v. San Diego Sheriff's Office, No. 20-2483, 2021 WL 409721, at *4, (S.D. Cal., Feb. 4, 2021) . . . . 4

Blankenhorn v City of Orange, 485 F.3d 463 at 484 (9th Cir. 2017) . . . . 11

Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403–404 (1997) . . . . 6

Browning-Ferris Industries of Vermont v. Kelco Disposal, Inc., 492 U.S. 257, (1989) . . . . 1-2

Christie v IOPA, 176 F.3d 1231, 1239 (9th Cir. 2009) . . . . 12

City of Canton, Ohio v Harris, 489 U.S. 378, 392 (1989) . . . . 11

Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992) . . . . 5

Dougherty v City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) . . . . 6

E. Conn. Citizens Action Grp. v. Powers, 723 F.2d 1050, 1056 (2d Cir.1983) . . . . 3

Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992) . . . . 12

Gosselink v. Campbell, 4 Iowa 296, 300 (1856) . . . . 2

Hervey v. Estes, 65 F.3d 784, 791-92 (9th Cir.1995) . . . . 5

Karriem v. County of Los Angeles, No. 20-05909, 2021 WL 1231432, at *10, (C.D. Cal., Feb. 1, 2021) . . . . 4

Louis v. Commissioner of Internal Revenue, 170 F.3rd 1232, 1236 (9th Cir. 1999) . . . . 1

Monell v. Dep't of Soc. Serv's. of City of New York, 436 U.S. 658, 690-691 (1978) . . . . 5-9, 11

Petersen v. Fresno County Sheriff's Office, No. 18-531, 2019 WL 827627, at *3 (E.D. Cal. Feb. 21, 2019) . . . . 4

## TABLE OF AUTHORITIES

**CASES** **Page(s)**

Rabinovitz, 287 F.Supp.3d at 967–968 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Sheehan v. City & Cty. of S.F., 743 F.3d 1211, 1231 (9th Cir. 2014) . . . . . . . . . . . . . . . 12

Stimpson v. Unknown, No. 21-02228, 2021 WL 3557738, at *2, (C.D. Cal., May 17, 2021, No.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Thompson v. City of Los Angeles, 885 F.2d 1439, 1443–44 (9th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Trevino v. Gates,99 F.3d 911, 918 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v Bajakajian, 524 U.S. 321, 327 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . 1

United States v Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . 4

Weisbuch v. County of Los Angeles, 119 F.3d 778, 781–82 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Wright v. Riveland, 219 F.3d 905, 915 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATUTES**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6, 11-12

Penal Code § 33880 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 6-7, 10

## MEMORANDUM OF LAW

### I. THE PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF THE EIGHTH AMENDMENT.

In opposition to the Motion to Dismiss, the Plaintiff focuses on the alleged "excessiveness" and alleged "unreasonableness" of the administrative fee as applied to her, and not whether the fees are punitive under the law.

"Two questions are pertinent when determining whether the Excessive Fines Clause has been violated: (1) Is the statutory provision a fine, i.e., does it impose punishment? and (2) If so, is the fine excessive… the first question determines whether the Eighth Amendment applies; the second determines whether the Eighth Amendment is violated." *Wright v. Riveland*, 219 F.3d 905, 915 (2000) (internal citations omitted). A civil sanction is punitive if, "it can only be explained as serving in part to punish." *United States v Bajakajian,* 524 U.S. 321, 327 (1998). "In making this determination the court considers factors such as the language of the statute creating the sanction, the sanction's purposes, the circumstances in which the sanction can be imposed, and the historical understanding of the sanction. *Louis v. Commissioner of Internal Revenue,* 170 F.3rd 1232, 1236 (9th Cir. 1999).

In opposition to the Motion to Dismiss, the Plaintiff has not shown that Cal. Penal Code § 33880 is a fine which imposes punishment under the Eighth Amendment.

In her concurring and dissenting opinion in *Browning-Ferris Industries of Vermont v. Kelco Disposal, Inc.*, 492 U.S. 257, (1989), Justice O'Connor recounted the history of the Eighth Amendment's excessive fines clause. A "'fine' comprehends a forfeiture or penalty recoverable in a civil action." *Id* at 298. Fines are not awarded to compensate for

injury, but rather to further the aims of the criminal law: 'to punish reprehensible conduct and to deter its future occurrence." *Id*. "A civil sanction that cannot solely be said to serve a remedial purpose, but rather can be explained only as also serving a retributive or deterrent purpose, is punishment." *Id*.

The moving papers cite to the historical understanding of California's Law Enforcement Gun Release ("LEGR"), the plain language of Penal Code section 33880, the intended deterrent effects of the statute, and the legislative intent reflecting that the statute is remedial on its face. The opposing papers apply a Fourth Amendment "reasonableness standard" and concludes that because the Plaintiff perceived the fine to be excessive as applied to her and therefore unreasonable, it must be punitive in nature. There is no statutory support for this argument which combines both elements of the Eighth Amendment to reach the conclusion that the fee assessed in Penal Code Section 33880 is punitive in nature.

The opposing papers also reference cases governing the forfeitures of property. A forfeiture is "a penalty in which one loses his rights and interest in his property." *Browning-Ferris*, 492 U.S. 295, *citing, Gosselink v. Campbell*, 4 Iowa 296, 300 (1856). Forfeiture cases are not analogous to the facts here as the purpose of Section 33880 is not to require forfeiture of seized firearms, but rather dictates the method in which seized firearms are returned by law enforcement. Moreover, the Plaintiff's firearms were not forfeited in this case.

As the Plaintiff has not shown the fee to be punitive in nature, the First Claim for Relief in this case states no cause of action under the Eighth Amendment.

**II. PLAINTIFF FAILS TO ESTABLISH A FOURTH AMENDMENT VIOLATION FOR RETENTION OF SEIZED PROPERTY.**

It is undisputed that the firearms at issue in this case were lawfully seized pursuant to a valid warrant. The plaintiff contends that the County's continued retention of the firearms after her husband's death, violated the Fourth Amendment. The County contends that the Cal Penal Code section 33880 provided a reasonable and lawful basis for retaining the firearms until the fees for taking possession, storing, and releasing of any firearm, ammunition feeding device, or ammunition had been paid.

The parties do not dispute the fact that imposing fees on the exercise of constitutional rights is permissible when the fees are designed to defray (and do not exceed) the administrative costs of regulating the protected activity. *E. Conn. Citizens Action Grp. v. Powers,* 723 F.2d 1050, 1056 (2d Cir.1983). In opposition to the moving papers, the Plaintiff contends that the retention of the firearms was unreasonable under the Fourth Amendment because the fee assessed for the return of the firearms was unreasonable.

Based on the allegations in the First Amended Complaint, the County's retention of the lawfully seized firearms until the Plaintiff paid the fee for their transfer to a licensed firearms dealer was not unreasonable under the Fourth Amendment.

As there is a reasonable justification for the retention of the firearms after Miguel Fernandez's death, the Plaintiff's First Amended Complaint fails to state a claim under the Fourth Amendment.

**III. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY AGAINST THESE DEFENDANTS.**

Even if the Plaintiff could allege a viable claim under the Fourth or Eighth Amendment, the FAC fails to allege facts sufficient to impose municipal liability upon these defendants.

**A. THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT IS NOT A PERSON THAT CAN BE SUED UNDER SECTION 1983.**

The Los Angeles County Sheriff's Department as a municipal police department, is not considered a "person" within the meaning of 42 U.S.C. § 1983. The Ninth Circuit's definitive decision on this issue is set forth in *United States v Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005). This decision has been affirmatively followed by courts of this jurisdiction. Said courts have specifically held that the Los Angeles County Sheriff's Department is a law enforcement department within Los Angeles County, and therefore is not considered a "person" within the meaning of § 1983, pursuant to *Kama*. See *Stimpson v. Unknown*, No. 21-02228, 2021 WL 3557738, at *2, (C.D. Cal., May 17, 2021, No.) (Holding that the Los Angeles County Sheriff's Department is not a proper defendant under Section 1983); *Karriem v. County of Los Angeles*, No. 20-05909, 2021 WL 1231432, at *10, (C.D. Cal., Feb. 1, 2021) (Holding that the Los Angeles County Sheriff's Department is not a "person" that can be separately sued under Section 1983; *see also, Anderson v. San Diego Sheriff's Office*, No. 20-2483, 2021 WL 409721, at *4, (S.D. Cal., Feb. 4, 2021) (holding San Diego Sheriff's Office was not a proper defendant under § 1983); *Petersen v. Fresno County Sheriff's Office*, No. 18-531, 2019 WL 827627, at *3 (E.D. Cal. Feb. 21, 2019) (same as to the Fresno County Sheriff's Office).

Other jurisdictions have similarly held that local departments within municipal government entities are not proper defendants under Section 1983. *See, e.g., Hervey v. Estes,* 65 F.3d 784, 791-92 (9th Cir.1995); *(*TNET is not a municipality or local governmental entity, it is an intergovernmental association. It is only subject to suit if the parties that created TNET intended to create a separate legal entity; *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992) ("The district court correctly dismissed Dean's claim against the Jefferson County Sheriff's Department. We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983").

In the instant case, the suit against the Los Angeles County Sheriff's Department must be dismissed as the Department is not a person that can be sued under Section 1983.

**B. THERE IS NO FORMAL POLICY VIOLATION ALLEGED AGAINST THESE DEFENDANTS UNDER *MONELL*.**

In *Monell v. New York City Dept. of Social Services*, the Supreme Court decided that a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue and that respondeat superior or vicarious liability will not attach under § 1983. 436 U.S. 658, 694–695 (1978). "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." Id.at 694. In order to allege a *Monell* claim against the County, the Plaintiff must allege facts demonstrating that (1) she was deprived of a Constitutional right; (2) the municipality had a policy; (3) the policy evinces deliberate indifference to the Plaintiff's Constitutional right; and (4) the municipal policy was a

moving force behind the Constitutional violation." *Dougherty v City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

In *Monell* and subsequent cases, the Supreme Court has required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. See, *Monell,* 436 U.S. at 694. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403–404 (1997).

Section § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Id*. at 404. This is necessary in order to prevent the municipality from being held derivatively liable for the acts of its employees which is impermissible under Section 1983.

**1. There is No Monell Liability Alleged for Assessing the Per Firearm Fee/Retention of the Firearms Until Fee was paid.**

As set forth in the moving papers and reiterated above, the assessment of the fee pursuant to Penal Code Section 33880 does not violate either the Eighth or the Fourth

Amendments. In addition, the assessment of the "per firearm" as to the Plaintiff, alleges no *Monell* liability against these defendants.

In opposition to the Motion to Dismiss, the Plaintiff clarifies that the County policy she references is the assessment of the fee for the return of the weapons pursuant to Penal Code section 33880, as applied to her. However, the "County policy" is the County's application of Cal. Penal Code Section 33880. The FAC does not contend that the statute is unconstitutional. It follows then, that the County's "policy" of enforcing the statue is also not unconstitutional.

The Plaintiff's contention is that the "policy" was unconstitutional as applied to her because of the large number of firearms seized from her husband. The FAC alleges that the County's employees assessed the fee per firearm and refused her efforts to negotiate a lower fee. These allegations do not assert a *Monell* claim against the County as a municipality or the Sheriff.

*Monell* liability requires that the policy itself be the moving force behind the alleged constitutional violation. The Plaintiff must allege facts to show that the action of the County of Los Angeles was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. This is necessary, as explained in *Bryan County*, in order to prevent the municipality from being held liable under a theory of respondeat superior. Here, the municipal action is the alleged enforcement of Cal. Penal Code section 33880, a statute which has not been deemed unconstitutional. However, the "moving force" behind the violation alleged by the plaintiff was not the policy, but rather was the application of the

policy to the plaintiff under the unique circumstances presented in this case. The application of the $54 per firearm fee to her based upon the large number of firearms in question was the cause of her injury.

In fact, the FAC alleges that the Plaintiff did not dispute the application of the statutory fee, and was willing to pay a fee for the return of the firearms, just not the fee as assessed by the County's employees. The Plaintiff does not contend that she sought a waiver of the fee on grounds that it was unconstitutional. The FAC alleges that the County employees refused the Plaintiff's efforts to negotiate a lower fee. The FAC contends that this refusal resulted in the Plaintiff differently from others whose weapons were seized, because of the large number of weapons seized from the Plaintiff's husband. *(FAC, ¶¶ 96, 100)*.

The alleged formal policy of collecting the fee under the statute was not the moving force behind the alleged injury in this case.

As the statute itself is not unconstitutional, the alleged County policy based on the statute is not unconstitutional. Plaintiff's allegation that the County's employees' application of the policy, as applied to her, states a claim for *respondeat superior* liability, and not *Monell* liability against these defendants.

**2. The FAC Alleges No Formal Policy for Destruction of Property.**

As set forth in the moving papers, the FAC alleges no *Monell* liability against these defendants for the alleged destruction of property under the Fourth Amendment.

The FAC alleges that the manner of the storage and retention of the firearms was in violation of LASD policies described in the Department's "Manual of Policies and Procedures," not in compliance with unconstitutional policies created by these defendants.

*(FAC, ¶¶ 66-70 73).* There is no allegation that the policies, themselves were unconstitutional. The Plaintiff's alleges that the County's employees failed to implement policies in place or misapplied California law as it applied to them, does not state a formal policy violation under *Monell*.

**C. THE FAC FAILS TO ALLEGE LIABILITY BASED ON A LONG STANDING CUSTOM AND PRACTICE.**

In opposition to the motion to dismiss, the Plaintiff contends that the long standing custom and practice of storing firearms improperly was the cause of damage to her firearms in violation of the Fourth Amendment, to which her FAC refers.

As set forth in the moving papers, liability under this theory must be based on a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996). Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id,* 99 F.3d at 918. "Consistent with the commonly understood meaning of custom, proof of random acts or isolated events [is] insufficient to establish custom." *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443–44 (9th Cir.1989).

Again, the FAC is replete with facts establishing that the seizure and storage of the firearms in this case was a unique and isolated event. Law enforcement personnel arrived at the scene on June 11, 2018, with a warrant expecting to confiscate 41 firearms from a felon prohibited from possessing firearms and other associated items. (FAC, ¶ 45).

Instead, they arrived and discovered a large cache of weapons prompting three additional searches on June 15, 21, and 29, 2018. (FAC, ¶ 51). The searches yielded more than 400 firearms, ten times the number anticipated, including pistols, long guns, ammunition magazines and speed loaders. (FAC, ¶¶ 49, 51).

The weapons had to be transported from their original locations to the Palmdale Sheriff's Station for cataloging. (FAC, ¶ 53). From there, and pursuant to LASD policy the "large collection" of firearms then had to be transferred from the Palmdale station to Central Property in Whittier, CA for storage. (FAC, ¶¶ 56, 68). From there, the weapons were transferred back to the Palmdale Station from Central Property in Whittier to effectuate the transfer to the Plaintiff. (FAC., ¶ 61). The weapons were then transferred to "Carol Watson's Orange Coast Auctions" at plaintiff's request for sale. (FAC, ¶¶ 61, 62).

The FAC also contends that the LASD, in determining the fee to assess under Penal Code § 33880, then Sheriff Leroy Baca revealed that potentially 500 per year would be eligible for the fee. (FAC, ¶ 38). Here, the County's employees seized from Miguel Fernandez, in four days, the near number of weapons estimated to be seized by the Sheriff's Department in a year.

The Plaintiff cannot satisfy the requirement of a longstanding practice or custom, based on the unique circumstances in this case. The law requires allegations of a longstanding custom so pervasive as to constitute the standard operating procedure of the municipality. Frequency and consistency, rather than isolated incidents based on unique facts must be alleged in order to state a claim for municipal liability under this theory.

### D. THE FAC FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR FAILURE TO TRAIN AND SUPERVISE UNDER *MONELL*.

To establish a claim under § 1983 for a failure to train its employees, the Plaintiff must allege facts to show: "(1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom its police officers are likely to come into contact; and (3) his constitutional injury would have been avoided had the municipality properly trained those officers." *Blankenhorn v City of Orange,* 485 F.3d 463 at 484 (9th Cir. 2017) .

The Supreme Court concluded in *City of Canton, Ohio v Harris,* 489 U.S. 378, 392 (1989) that an "inadequate training" claim could be the basis for § 1983 liability in "limited circumstances." *Id.,* at 387. In so holding, the court spoke of a *deficient training "program,"* necessarily intended to apply *over time* to multiple employees. *Id.,* at 390. Municipal decisionmakers' continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. *Id.,* at 390, n. 10, 109 (emphasis added).

The FAC in this case alleges none of the elements sufficient to state a claim under this theory. The FAC does not allege facts related to the training policy alleged to be in question. The FAC does not allege facts showing that the County was deliberately indifferent to the Plaintiff's constitutional rights under either the Fourth or Eighth Amendments by refusing to supervise or train their employees based upon a pattern of similar constitutional defects known to the County of Los Angeles. There are no

allegations that the County's training program was deficient in light of the unique circumstances of the Plaintiff's case.

Here, the County seized, stored, and transported in four days nearly the number of firearms it would expect to seize, store and transport in one year. The Plaintiff's conclusion that the policies for training and supervising its employees under such circumstances subjects the County to liability is not supported by law. Deliberate indifference requires knowledge of the defects in training and supervision and a failure to cure the defects despite this knowledge. These facts are not alleged in the FAC.

**E. THE FAC FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER A THEORY OF FAILURE TO DISCIPLINE.**

"Where a plaintiff alleges that a municipality's conduct runs afoul of section 1983 for the municipalities' failure to discipline its employees, the claim is understood as one for ratification." *Rabinovitz*, 287 F.Supp.3d at 967–968. To show ratification, a plaintiff alleges facts sufficient to show that "authorized policymakers approved a subordinate's decision and the basis for it." *Sheehan v. City & Cty. of S.F.*, 743 F.3d 1211, 1231 (9th Cir. 2014). Neither a policymaker's mere knowledge of, nor the policymaker's mere refusal to overrule or discipline, a subordinate's unconstitutional act suffices to show ratification. *Christie v IOPA*, 176 F.3d 1231, 1239 (9th Cir. 2009). "To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law ...." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 781–82 (9th Cir. 1997) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992).

As set forth in the moving papers, the Plaintiff's allegation that the County of Los Angeles can be held liable under this theory because the "LASD has neither investigated nor disciplined any of its employees who handled the firearms for violating any of its written storage policies," is insufficient to allege a claim for municipal liability based on a failure to discipline. The elements to state a claim for ratification are not apparent on the face of the FAC. As such, the complaint states no claim for municipal liability under a theory of failure to discipline.

**CONCLUSION**

For the foregoing reasons, the defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and SHERIFF VILLANUEVA, hereby respectfully request that this Court dismiss plaintiff's entire first amended complaint and all claims alleged against them.

DATED: December 20, 2021

Respectfully submitted,

**NELSON & FULTON**

By: s / Amber A. Logan
AMBER A. LOGAN
Attorneys for Defendants,
County of Los Angeles, et al.