UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-9876-DMG (PDx) | Date | September 28, 2022 |
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 1 of 14 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [44, 45]**

    Plaintiff Ana Fernandez brings claims against Los Angeles County (the "County"), the County Sheriff's Department ("LASD"), and Sheriff Alex Villanueva (in his official capacity, only) (collectively, the "County Defendants") and against County employees Deputy Wyatt Waldron, Detective John Roth, Susan O'Leary Brown, Richard Leon, Murray Jacob, David Roach, Salvador Moreno IV, Jason Ames, Kyle Dingman, and Nicholas Saylor (collectively, the "Employee Defendants") after Defendants allegedly seized, held, and damaged firearms belonging to her late spouse.  *See* First Amended Complaint ("FAC") [Doc. # 31].  Plaintiff also alleges that after her spouse passed away and she became the owner of the firearms, Defendants refused to return the firearms to her until she paid a total of $24,354 in administrative fees ($54 per firearm for 451 firearms).  FAC ¶ 96.  These fees were, according to Plaintiff, unlawful.

    The County Defendants and the Employee Defendants filed separate motions to dismiss the FAC, and the Court took the motions under submission.  Cnty. Motion to Dismiss ("MTD") [Doc. #44]; Emp. MTD [Doc. # 45].  The County Defendants are correct that Plaintiff has not plausibly alleged that the administrative fee violated the Eighth Amendment or that a County policy resulted in the damage to her firearms.  Plaintiff has alleged, however, a viable theory that the fee violated the Fourth Amendment and was the product of County policy.  As for the Employee Defendants' MTD, the Court agrees with these defendants that qualified immunity shields them from liability except that qualified immunity does not shield Defendants Waldron and Roth from alleged damage to the firearms during the initial seizures.  The Court **GRANTS IN PART** and **DENIES IN PART** the MTDs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
| Title | ***Ana Patricia Fernandez v. Los Angeles County, et al.*** | Page | 2 of 14 |

# I.
# BACKGROUND

The allegations of the FAC include the following.[1] Plaintiff may lawfully own firearms, but her spouse was prohibited from owning firearms, ammunition, and speed loaders. FAC ¶¶ 5, 43. On June 14, 2018, after receiving information that Plaintiff's spouse unlawfully possessed firearms, defendants Waldron (a deputy) and Roth (a detective) executed a search warrant, finding and seizing more than 400 firearms at the spouse's residence. FAC ¶¶ 44–49. Three later searches that Waldron and Roth executed on June 15, 21, and 29 resulted in the seizure of dozens more firearms, as well as ammunition magazines and speed loaders. FAC ¶ 51.

Plaintiff's spouse was charged with unlawful possession of firearms but passed away in September 2018, before his trial. FAC ¶¶ 5, 74. Plaintiff, who is the Trustee of her spouse's trust and to whom title to the firearms passed, eventually sought release of 451 firearms that Defendants determined she lawfully owned, including paying a mandatory administrative fee of $54 per firearm (totaling $24,354). She directed transfer of the firearms to a third party for sale. FAC ¶¶ 61–63, 77. Plaintiff then learned that while in the custody of LASD, the firearms had been damaged so severely that their value diminished by approximately $96,000. FAC ¶ 65. Plaintiff asserts that this damage occurred during the initial seizure (by Defendants Waldron and Roth and Doe defendants), during processing at the Palmdale Sheriff's Station (by Employee Defendants other than Defendant Waldron), at the LASD warehouse (under the care of Defendant Brown or a Doe defendant), and/or during handling to determine whether the firearms were legal (by Defendant Roth and a Doe defendant). FAC ¶¶ 50, 55–59. She also asserts that her firearms were stored in contravention of LASD written policy, although pursuant to an unwritten policy of storing firearms haphazardly. *See* FAC ¶ 73.

Plaintiff further challenges the administrative fee requirement, arguing that as applied to her, that fee violated the following California law:

> (a) A [county] may adopt a regulation, ordinance, or resolution imposing a charge equal to its administrative costs relating to the seizure, impounding, storage, or release of any firearm, ammunition feeding device, or ammunition.
> (b) The fee under subdivision (a) *shall not exceed the actual costs* incurred for the expenses directly related to taking possession of any firearm, ammunition feeding device, or ammunition, storing it, and surrendering possession of it to a licensed firearms dealer or to the owner.

---

[1] For the purposes of this section, the Court takes as true the FAC's factual allegations. The Court further incorporates by reference the Background and Legal Standard portions in its prior Order. [Doc. # 30.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 3 of 14 |

Cal. Penal Code § 33880 (emphasis added).[2]

Based on these allegations, Plaintiff brings claims against the County Defendants for violation of the Eighth Amendment (specifically, the right to be free from excessive fines) and against all Defendants for violation of the Fourth Amendment based on damage to her firearms and requiring a fee for their release after her spouse's death and for the state law torts of negligence, breach of bailment, and trespass to chattels. FAC ¶¶ 92–143. She seeks declaratory relief that the fee is unlawful; compensatory, general, exemplary, and punitive damages; and costs and fees. FAC at 26–27.[3]

## II.
## DISCUSSION

**A.    County Defendants' MTD**

    **1.    LASD and Sheriff Villanueva**

As a threshold matter, LASD is not an appropriate defendant for the Section 1983 claims in this matter. Municipal police departments are not generally considered "persons" under Section 1983. *See, e.g.*, *M.A.C. v. City of L.A.*, CV 12-4477 DMG (AJWx), 2017 WL 10574306, at *5 (C.D. Cal. Dec. 8, 2017) (citing *United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005)).

Moreover, claims brought against a municipality, a municipal department, and a municipal official in that person's official capacity are redundant if the claims all arise from the same set of facts. *See, e.g.*, *Maldonado v. City of Ripon*, No. 217CV00478TLNGGH, 2018 WL 5304820, at *5–*6 (E.D. Cal. Oct. 24, 2018) (discussing authorities); *see also Kentucky v.*

---

[2] The prior version of this statute was codified at former California Penal Code 12021.3(j)(1) (as amended in 2005) and stated:

> A [county] may adopt a regulation, ordinance, or resolution imposing a charge equal to its administrative costs relating to the seizure, impounding, storage, or release of firearms. The fees *shall not exceed the actual costs* incurred for the expenses directly related to taking possession of a firearm, storing the firearm, and surrendering possession of the firearm to a licensed firearms dealer or to the owner. Those administrative costs may be waived by the local or state agency upon verifiable proof that the firearm was reported stolen at the time the firearm came into the custody or control of the law enforcement agency.

(Emphasis added.)

[3] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 4 of 14 |

*Graham*, 473 U.S. 159, 165 (1985). The FAC is devoid of factual allegations justifying separate claims against the County, LASD, and Villanueva in his official capacity. The Court therefore dismisses Defendants LASD and Villanueva. The Court dismisses Defendant LASD without leave to amend because LASD is not a "person" under section 1983. The Court dismisses Sheriff Villanueva with leave to amend.

    **2.**    **Eighth Amendment**

The Court previously dismissed Plaintiff's Eighth Amendment claim with leave to amend because, among other issues, the Complaint lacked sufficient allegations that the $54-per firearm fee was punitive in nature. [Doc. # 30 at 7.] The County Defendants assert that the FAC continues to suffer from this defect. *See generally* Cnty. MTD. The Court agrees that, despite having had the opportunity to amend the Complaint, Plaintiff still fails to plausibly allege a punitive purpose to the fee.

The Excessive Fines Clause of the Eighth Amendment applies in civil and criminal proceedings, but a civil sanction is not punitive unless "it can only be explained as serving in part to punish." *Austin v. United States*, 509 U.S. 602, 610 (1993). A two step analysis applies: (1) does the payment constitute punishment and if so, (2) is the payment grossly disproportionate to the gravity of the offense? *See United States v. Mackby*, 261 F.3d 821, 829 (9th Cir. 2001). In determining whether a payment constitutes punishment, the Court looks to factors "such as the language of the statute creating the sanction, the sanction's purpose(s), the circumstances in which the sanction can be imposed, and the historical understanding of the sanction." *Id.* (internal citation and quotation marks omitted).

Plaintiff's factual allegations about the fee at issue, taken as true, do not plausibly meet any of the factors for showing that her payment constitutes punishment. *Accord Grove v. Kadic*, 968 F. Supp. 510, 517 (D. Nev. 1997) (analyzing on a motion to dismiss whether a fee violated the Excessive Fines clause and explaining that such may be determined as a matter of law, based on the allegations of the complaint). Plaintiff's own allegations controvert that the fee is punitive—Plaintiff alleges that the County ordinance creating the fee was adopted to recover the costs of seizure, storage, and return and a former LASD sheriff supported the Ordinance's enactment by providing a cost breakdown of hourly staff pay and the estimated time for processing a firearm. FAC ¶¶ 31, 37.

Plaintiff alleges that because the fee may be waived when an owner claims a firearm reported as stolen, the fee is not about recovering costs but about the perceived innocence of the party seeking return of the firearm—making the fee punitive. FAC ¶ 40; *see also* former Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-9876-DMG (PDx) | Date | September 28, 2022 |
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 5 of 14 |

Penal Code 12021.3(j) (allowing a local agency to waive administrative costs if the firearm was reported stolen at the time it came into custody of law enforcement). But this argument is not persuasive. The administrative fee could also be imposed on a lawful, innocent owner. Plaintiff, for instance, is subject to the fee yet did not unlawfully possess the firearms. The fee would also be mandatory on a person who lawfully possessed a firearm that was stolen, yet failed to timely report that theft.

Although Plaintiff alleges that other localities do not impose such a fee, that does not support her argument that the fee is punitive, given that LASD has a higher volume of seized firearms, justifying imposition of a fee to recoup costs. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (explaining that an allegation is not plausible if there is an obvious alternative explanation). Indeed, Plaintiff concedes that "on its face" the fee "might not offend the Eighth Amendment." Opp. to Cnty. MTD at 13 [Doc. # 47]. But Plaintiff includes no allegation suggesting that any Defendant acted with punitive intent *toward her* when imposing the fee. Although Plaintiff plausibly alleges that the fee was excessive compared to the actual cost of processing hundreds of firearms from the same individual, that does not necessarily imply that the purpose of the fee was, even in part, punitive. A more plausible inference from the facts alleged in her FAC is that the County simply did not anticipate a situation in which so many firearms would be seized from a single person. *See* FAC ¶ 38 (alleging that in support of imposing the fee, the LASD sheriff claimed that the County processed about 500 guns annually that would be eligible for the fee).

Plaintiff makes no plausible allegation to support her claim that the fee at issue is intended—in whole or in part—to punish. In light of Plaintiff's failure to meet the first part of inquiry as to whether the payment constitutes punishment, the Court need not reach the question of whether the payment was disproportionate. Having already given her an opportunity to amend her complaint to address this issue, the Court finds that further amendment would be futile and dismisses this claim without leave to amend. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008).

### 3. Fourth Amendment

The Court previously dismissed the Fourth Amendment claim against the County Defendants because, as alleged, Defendants' actions were in contravention of (not because of) County policy. [Doc. # 30 at 7.] In the FAC, Plaintiff alleges that the improper handling of her property, failure to return her property after her spouse's death, and imposition of an allegedly unconstitutional fee for return of her property violated the Fourth Amendment. *See* FAC ¶¶ 104–10. Plaintiff's Fourth Amendment claim against the County Defendants for requiring her to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
| Title | ***Ana Patricia Fernandez v. Los Angeles County, et al.*** | Page | 6 of 14 |

pay the allegedly unlawful fee—but not her claim for mishandling or improperly storing the property—is viable for the reasons set forth below.

      **a.**      **Handling of Property**

With regard to Plaintiff's claim that failure to properly store and handle the firearms violated the Fourth Amendment, she alleges that this damage occurred notwithstanding LASD's written policy and other guidance about the proper storage and handling of seized property. *See* FAC ¶¶ 66–71. She asserts that LASD "has neither investigated nor disciplined any of its employees who handled the firearms" and thus that it is a longstanding, unwritten policy or custom "to store firearms haphazardly without care[.]" FAC ¶¶ 72–73.

"Liability for improper custom may not be predicated on isolated or sporadic incidents"—rather, "[t]he custom must be so persistent and widespread that it constitutes a permanent and well settled [municipal] policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal citations omitted). "[F]ailure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *Id.* at 389. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). As such, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (internal citations omitted). Similarly, liability for a failure to discipline requires sufficient evidence of a repeated pattern of failure to discipline. *See, e.g.*, *Bernier v. Rodriguez*, CV 1:18-1131 JLT SKO, 2022 WL 209328, at *10 (E.D. Cal. Jan. 24, 2022) (citing cases).

Here, Plaintiff's conclusory allegations that the storage of her firearms violated County policy are inadequate to hold the County liable under the principles of law set forth above. At bottom, she alleges that because her firearms were mishandled, there is a custom and policy of doing so and of failing to train and/or discipline employees as to mishandling firearms. Although in some circumstances, repeated instances of misconduct can amount to evidence of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 7 of 14 |

unwritten policy or custom, Plaintiff's FAC lacks any factual predicate for the Court to infer that there is a County-wide pattern or practice of improperly storing firearms. Plaintiff's conclusory allegations do not support a theory of failure to train or failure to discipline. *See, e.g.*, Opp. to Cnty. MTD at 27 (arguing "given the reckless way the firearms were stored . . . it is clear the County had an unwritten policy . . . not just as regards [Plaintiff's] firearms, but as to all seized firearms"). The Court therefore again dismisses this claim on the basis of failure to plausibly allege that the County may be held liable under *Monell v. New York City Department. of Social Services*, 436 U.S. 658, 691 (1978). The dismissal is without leave to amend.

### b.     Failure to Return Property and Imposition of an Unconstitutional Fee

Plaintiff acknowledges that the initial seizure was lawful but further asserts a Fourth Amendment claim on the basis that the seizure became unlawful once her firearms were retained on the condition that she pay an unlawful fee. FAC ¶ 109.

"It's well established that 'a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests.'" *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) (quoting *United States v. Jacobsen*, 466 U.S. 109, 124 & n.25 (1984)). The retention of Plaintiff's firearms is certainly a meaningful interference with her possessory interest in the property. *See Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992). Once the initial justification for the seizure ran its course, the Government had to either cease the seizure or secure a new justification. *Brewster*, 859 F.3d at 1197. The justification advanced here is requiring payment of the fee.

As noted above, the fee payment statute is not an excessive fine within the meaning of the Eighth Amendment. But Plaintiff does not rest solely on the Eighth Amendment as support for the fee statute's unlawfulness: she also alleges that the fee, as applied to her, violates the California Penal Code sections cited *supra*, prohibiting fees that exceed actual costs of taking possession, storing, and returning the firearms. *See* Cal. Penal Code § 33880(a). And she argues that the assessment of a fee that is unlawful under California law is unreasonable under the Fourth Amendment. Opp. to Cnty. MTD at 20.

The County Defendants cite to cases about restrictions on First Amendment rights, but these cases are of little assistance because they do not shed light on whether a seizure "lacks justification" under the Fourth Amendment if return of the seized property is conditioned on the rightful owner paying an allegedly unlawful fee. *See Cox v. State of N.H.*, 312 U.S. 569, 577 (1941); *E. Conn. Citizens Action Grp. v. Powers*, 723 F.2d 1050, 1056 (2d Cir. 1983). And *Bauer v. Becerra*, also cited by the County Defendants, involved a Second (not Fourth)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 8 of 14 |

Amendment-based challenge to a fee statute. *See* 858 F.3d 1216, 1221 (9th Cir. 2017). The Ninth Circuit declined to decide whether "First Amendment fee jurisprudence applies" in the Second Amendment context. *Id.* at 1224. Plaintiff correctly characterizes Defendants' cited case law as distinguishable because it involves "citizens seeking to exercise their rights to engage in some protected conduct and being met with fees related to that exercise." Opp. to Cnty. MTD at 21. Even if the cited case law applied, *Cox* explains that such a fee is lawful to the extent it "meet[s] the expense incident to the administration of the act and to the maintenance of the public order in the matter licensed." 312 U.S. at 577. Here, Plaintiff alleges that in her situation, the fee grossly exceeded the costs of administration. *See* FAC ¶ 97. The reasonableness of the state's action here relies on a fact-dependent inquiry into whether the $24,354 fee that Plaintiff had to pay before return of her firearms exceeded the actual costs that the County incurred. Such an inquiry cannot be resolved in the context of the pending motions to dismiss.

The County Defendants alternatively argue that Plaintiff has not shown that they may be held liable under *Monell* for imposing the fee. Although Plaintiff did not plausibly allege a custom or policy that was the moving force behind the allegedly improper storage and damage to her firearms, she does plausibly allege a custom or policy that resulted in her having to pay the fee. Specifically, she alleges that in 2005, the County Board of Supervisors adopted the $54 administrative fee by County ordinance. FAC ¶¶ 31–38. And she alleges that Defendants "demanded that Plaintiff pay Defendant County's fee," including citing "LASD's general policy" as iterated to her counsel by Defendant O'Leary Brown. FAC ¶¶ 77–78, 98. These allegations give rise to plausible claims that there was an official County policy to impose a non-discretionary, per-firearm fee that was the moving force behind the alleged constitutional violation.[4] *See City of Canton*, 489 U.S. at 389.

Plaintiff alternatively argues that "to the extent it is *not* the policy of [the County Defendants]" that the fee is nondiscretionary (*i.e.*, cannot be reduced), the County Defendants failed to properly "screen, train, and/or supervise their officers and personnel . . . with regard to the applicable written policies, guidelines, and laws." FAC ¶ 101; *see also* FAC ¶ 142. Plaintiff's FAC does not include viable allegations of a failure to train or supervise causing the allegedly excessive fee. Indeed, her own allegations contradict such a claim because she asserts that County employees were acting *pursuant to* County policy that the claim was *not* discretionary. *See* FAC ¶ 87 (alleging that Defendants represented that pursuant to County policy, there was no discretion to lower the fee), ¶ 100 ("It is the official policy of [the County

---

[4] Indeed, the County Defendants' argument that the action at issue is not a policy but simply enforcement of Cal. Penal Code § 33880 is somewhat nonsensical, as § 33880 does not impose the fee but grants a municipality discretion to impose such a fee. *See* Cal. Penal Code § 33880(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 9 of 14 |

Defendants] to charge [the fee] . . . and County and LASD Personnel have no discretion to reduce the fee"); *see also* FAC ¶ 83 (alleging that the County never contemplated such a large seizure from one source when imposing the fee). Therefore, to the extent that Plaintiff asserts a theory of liability under *Monell* against the County Defendants relating to imposition of the fee *other than* that the fee was imposed by County custom or policy, those claims are dismissed. The dismissal is without leave to amend.

### 4. Conclusion—County Defendants' MTD

The Court grants the County Defendants' MTD in part and dismisses Plaintiff's Eighth Amendment claims and claims against the County Defendants for violation of the Fourth Amendment based *solely on the improper storage and damage to her property* without leave to amend. Plaintiff's Fourth Amendment claim against the County Defendants for requiring her to pay the $54-per firearm fee pursuant to official County policy survives. Because this claim survives, the Court also denies the summary arguments to dismiss the declaratory relief and state law claims against the County Defendants. *See* Cnty. MTD at 16–17.

### B. Employees' MTD

Plaintiff's federal claims against the Employee Defendants are solely for violation of the Fourth Amendment—not the Eighth Amendment. The Court previously dismissed these Fourth Amendment claims (which were then brought against only named Defendants O'Leary Brown, Roth, and Waldron) on the basis that the Complaint lacked adequate allegations of these defendants' involvement. [Doc. # 30 at 8–11.] Plaintiff's FAC incorporates additional allegations and new employee defendants. The Employee Defendants now argue that qualified immunity shields them from liability, as a matter of law. *See* Emp. MTD at 9.

Qualified immunity shields government officials from liability for civil damages inasmuch as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It involves two steps when analyzed on a motion to dismiss: (1) whether the facts as alleged make out a violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citation and quotation marks omitted). Put another way, the Court must (1) identify the right that has allegedly been violated, (2) determine whether that right was clearly established such that a reasonable official would have known of it, and (3) determine whether a reasonable officer would have believed that the challenged conduct was lawful. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). "Once the defense of qualified immunity is raised by the defendant, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
| Title | ***Ana Patricia Fernandez v. Los Angeles County, et al.*** | Page | 10 of 14 |

plaintiff bears the burden of showing that the rights allegedly violated were 'clearly established.'" *Id*

1. **Unreasonable Fee**

As noted above, Plaintiff has alleged a viable theory that the County Defendants violated the Fourth Amendment by conditioning the return of her firearms on the payment of an administrative fee that she contends violated California law and was unreasonable. Her FAC lacks allegations, however, to support the claim that most of the Employee Defendants participated in charging her the allegedly unconstitutional fee. Indeed, the only Employee Defendant for whom she includes specific allegations to support her claim relating to the fee is Defendant O'Leary Brown. *See* FAC ¶¶ 74–89. Defendant O'Leary Brown allegedly is a LASD Property Custodian and was the employee who informed Plaintiff's counsel that the fee had to be paid before the firearm would be released. FAC ¶¶ 11, 78.

Plaintiff otherwise vaguely (and implausibly) asserts that "Defendants" informed her counsel that they could not lower the fee, regardless of the circumstances. *See* FAC ¶ 87. Therefore, dismissal of the fee-based claims against Employee Defendants other than O'Leary Brown is appropriate.

Further, qualified immunity applies[5] to these claims because there was no clearly established right to be free from retention of firearms until paying an unlawful fee at the time. Plaintiff argues that qualified immunity should not be decided at this early stage (Opp. to Emp. MTD at 15), but qualified immunity may be decided on a motion to dismiss where, as here, the factual allegations taken as true could not violate clearly established law. *See, e.g.*, *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016); *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

Plaintiff has not cited authority from which the Court could conclude that there was a clearly established right to be free from having to pay an unlawful or unreasonable fee before the return of property that police held. She relies heavily on *Brewster v. Beck*, holding that the Government violated the Fourth Amendment if it did not have a justification for impounding a vehicle after the plaintiff showed up with proof of ownership and a valid driver's license. *See*

---

[5] Plaintiff also argues that because the Employee Defendants acted in a ministerial role (*i.e.*, the County ordinance did not give them discretion to waive or lower the fee), qualified immunity does not apply. This argument misunderstands the function of the ministerial/discretionary distinction: qualified immunity would not apply, based on this distinction, only if the employee *violated* the ministerial/non-discretionary rule. *See Davis v. Scherer*, 468 U.S. 183, 196 n.14 (1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 11 of 14 |

859 F.3d 1194, 1198 (9th Cir. 2017). But cases holding that vehicle impoundments violate the Fourth Amendment when the exigency justifying the initial seizure has terminated are not sufficiently analogous. *See Jessop v. City of Fresno*, 936 F.3d 937, 941–42 (9th Cir. 2019) (distinguishing *Brewster* and holding that there was no clearly established right under the Fourth Amendment not to have seized property stolen by police officers). *Brewster* clearly establishes, at most, that the continued *impound* of a *vehicle* despite proof that the exigency justifying the initial seizure has terminated violates the Fourth Amendment. *Ordonez v. Stanley*, 495 F. Supp. 3d 855, 863 (C.D. Cal. 2020). Moreover, *Brewster* focuses on authorities holding a vehicle after the initial justification for the seizure had expired (so that the seizure was *unjustified*), whereas Plaintiff here does not deny that there was a separate justification advanced for the continued seizure and instead attacks the lawfulness of that justification.

Nor would Plaintiff's other cited authority put a reasonable official on notice that requiring Plaintiff to pay an unlawful fee before returning her property violated the Fourth Amendment. *See United States v. Jacobsen*, 466 U.S. 109, 125 (1984) (holding that the destruction of powder during drug testing was reasonable); *Lavan v. City of L.A.*, 693 F.3d 1022, 1028 (9th Cir. 2012) (seizure and on-the-spot destruction of personal property unreasonable); *Sandoval v. City of Sonoma*, 72 F. Supp. 3d 997, 1004 (N.D. Cal. 2014) (finding that an initially permissible seizure may later violate the Fourth Amendment but ruling that there was no clearly established law placing the unconstitutionality of 30-day vehicle impoundments beyond debate).

Therefore, the Court dismisses the claims against the Employee Defendants for assessing an allegedly unlawful fee. The dismissal is without leave to amend, as further amendment would be futile.

2. **Mishandling and Improperly Storing Firearms**

Plaintiff also alleges that the Employee Defendants are liable under the Fourth Amendment for mishandling and improperly storing her firearms, thereby damaging them. She points to authority that unjustified damage to property (*i.e.*, damage beyond that in order to execute a lawful warrant effectively) when executing a search warrant has long been established to violate the Fourth Amendment. *See Liston v. Cnty. of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997). Based on this authority, the Court agrees that it was clearly established at the time of the seizure of the firearms that officers would be liable for unjustified damages. *See also Mena v. City of Simi Valley*, 226 F.3d 1031, 1041 (9th Cir. 2000). Her claims against Defendants Waldron and Roth (who she claims executed the warrants) survive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 12 of 14 |

But what Plaintiff does not provide is authority that deals with damage during a prolonged seizure or storage of seized property, after the initial execution of a warrant. For instance, although Plaintiff cites to a case holding that seizing homeless persons' unattended personal property from a public sidewalk and destroying it on the spot runs afoul of the Fourth Amendment, that authority would not place a reasonable official on notice that damage while *holding* property also violates the Fourth Amendment. *See Lavan*, 693 F.3d at 1028. Indeed, in 2019, the Ninth Circuit held that the theft of seized property by officers did not violate clearly established Fourth Amendment law. *See Jessop*, 936 F.3d at 942. If a criminal interference with seized property did not violate clearly established law, then a negligent/careless failure to preserve that property also did not violate clearly established law. Qualified immunity shields[6] the Employee Defendants from liability for damages for actions after the initial seizures of the firearms.

### 3. Conclusion—Employees' MTD

The Court dismisses all federal claims against the Employee Defendants without leave to amend, except to the extent that Plaintiff brings a claim for violation of the Fourth Amendment against Defendants Waldron and Roth for damaging the firearms during the initial seizure. The Employee Defendants also summarily argue that because the federal claims against them should be dismissed, the state law claims against them should be dismissed. As the Court does not dismiss all federal claims against the Employee Defendants, the request to dismiss the state law claims is denied.

---

[6] Although Plaintiff also argues that the ministerial exception to qualified immunity applies related to employees' roles in storing her firearms, the Court disagrees. The employees' roles were clearly discretionary based on the allegations of the FAC, which claims that County policy merely required storage in a secure manner but did not dictate the precise method of storage in every situation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9876-DMG (PDx)** | Date | September 28, 2022 |
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 13 of 14 |

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to dismiss [Doc. ## 44, 45] as follows:

(1)  The Court **DISMISSES** the following claims **WITHOUT LEAVE TO AMEND**:
    (a)  Plaintiff's claims against the County Defendants under the Eighth Amendment;
    (b)  Plaintiff's claims against the County Defendants for violating the Fourth Amendment because the firearms were mishandled or improperly stored, causing damage;
    (c)  All claims against Defendant LASD as they are duplicative of those against the County;
    (d)  Plaintiff's claims against the Employee Defendants for violating the Fourth Amendment by assessing an unlawful fee; and
    (e)  Plaintiff's claims against the Employee Defendants other than Defendants Waldron and Roth for damage to the firearms and Plaintiff's claims against Defendants Waldron and Roth for damage to the firearms other than damage that occurred during the initial seizures.

(2)  The Court **DISMISSES** the following claims **WITH LEAVE TO AMEND**

    (a)  Plaintiff's claims against Defendant Villanueva, which are brought only in his official capacity, to the extent those claims are not otherwise dismissed without leave to amend pursuant to ¶¶ 1(a) and (b) above.

(3)  The Court **DENIES** the motions to dismiss as to the following claims:
    (a)  Plaintiff's claim against the County for violating the Fourth Amendment by imposing a fee before releasing the firearms to a rightful non-indicted owner;
    (b)  Plaintiff's claims against Defendants Waldron and Roth for violating the Fourth Amendment by damaging her property *during the initial seizures*;
    (c)  Plaintiff's state law claims, against the remaining Defendants; and
    (d)  Plaintiff's request for declaratory relief, inasmuch as it derives from her remaining claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9876-DMG (PDx) | Date | September 28, 2022 |
|---|---|---|---|
| Title | *Ana Patricia Fernandez v. Los Angeles County, et al.* | Page | 14 of 14 |

(4)   By no later than **October 19, 2022**, Plaintiff shall file her Second Amended Complaint with any amendments as to her claims against Sheriff Villanueva, or notify the Court and Defendants that she does not intend to amend. Defendants shall file their response within 21 days after Plaintiff files her Second Amended Complaint or notification that she does not intend to amend.

**IT IS SO ORDERED.**