C.D. Michel – SBN 144258
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
Konstadinos T. Moros – SBN 306610
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiff Ana Patricia Fernandez

Amber A. Logan, CSB # 166395
Logan Mathevosian & Hur LLP
Equitable Plaza, Suite 2740
3435 Wilshire Boulevard
Los Angeles, California 90010-2014
(213) 365-2703
lmh@lmhfirm.com
amberlogan@lmhfirm.com

Attorney for Defendants County of Los Angeles,
Wyatt Waldron, and John Roth

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PATRICIA FERNANDEZ, an individual, | Case No.: 2:20-cv-09876 DMG (PDx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | |
| LOS ANGELES COUNTY, et al., | |
| Defendants. | |

On December 13, 2022, Plaintiff Ana Patricia Fernandez ("Plaintiff") and Defendants Los Angeles County, Wyatt Waldron, and John Roth ("Defendants") (collectively "the Parties"), through their counsel of record, held a conference pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's November 9, 2022 Order Re: Scheduling Meeting of Counsel and Scheduling Conference (ECF No. 58), as well as this Court's November 21, 2022 Order Continuing Scheduling Conference and Rule 26 Meeting Deadlines (ECF No. 60). During that conference, counsel for the Parties discussed all matters required by Rule 26(f), Local Rule 26-1, and the orders of this Court.

The Parties hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference set for January 13, 2023.

## I.   RULE 26(f) DISCOVERY ISSUES

### A.   Initial Disclosures (FRCP 26(f)(3)(A))

The Parties agree to extend the deadline for exchanging initial disclosures required by Rule 26(a) to January 6, 2023. The Parties agree that no other changes to the form or the require to exchange initial disclosures are necessary.

### B.   Preservation of Discoverable Information (11/9/22 Order (ECF No. 58))

The Parties have discussed the preservation of discoverable information as required by this Court's November 9, 2022 Order. The Parties agree to discuss with their respective clients that all discoverable documents, materials, and information shall be maintained and preserved and not destroyed while this case is pending.

### C.   Anticipated Scope of Discovery (FRCP 26(f)(3)(B))

Pursuant to Rule 26(f)(3)(B), the Parties agree that discovery will be conducted on the allegations and claims contained within Plaintiff's First Amended Complaint and the denials and defenses raised in Defendants' Answer. The Parties intend to propound written discovery in the form of interrogatories, requests for production, and requests for admission as authorized by the Federal Rules. The parties also intend to conduct the depositions of the parties and various third parties (including expert and lay witnesses).

The Parties agree that discovery need not be conducted in phases, and that discovery will not be limited to particular issues.

Plaintiff

Some of the central issues of this case turn on legal determinations and not factual findings and are thus not fact-discovery intensive. But several claims turn on factual questions about the condition of Plaintiff's property at seizure, how the seizure was conducted and how Plaintiff's seized property was transported and stored, who was responsible for the damage Plaintiff alleges that her property sustained, when the alleged damage was sustained, and any policies or training on property seizure and storage that Defendants might maintain. Plaintiff intends to propound written discovery and conduct party and third-party witness depositions about these issues. Plaintiffs also intend to disclose experts on firearms valuation and relevant police practices.

Defendants

Defendants intend to propound written discovery and to take depositions regarding the purchase, storage, maintenance and value of the seized property alleged to have been damaged. Defendants intend to conduct third-party discovery to verify the alleged value, and appraisals of the property claimed to have been damaged. The defendants intend to defend the depositions and discovery taken by the plaintiff.  The defendants intend to conduct written discovery and depositions of any expert witnesses identified in this case.

**D.    Electronically Stored Information (FRCP 26(f)(3)(C))**

In accordance with Rule 26(f)(3)(C), the Parties have discussed electronically stored information. As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

/ / /

/ / /

### E.      Privilege Issues (FRCP 26(f)(3)(D))

In accordance with Rule 26(f)(3)(D), the Parties have discussed privilege and protection issues. At this time, the Parties agree there is no need for a protective order. If such a need arises, the Parties agree to meet and confer in good faith to discuss the terms of a protective order and preserve their rights to seek such orders from the Court.

### F.      Changes to Discovery Limitations (FRCP 26(f)(3)(E))

The Parties agree to suspend the 10-deposition limitation imposed by Rule 30(a)(2)(A)(i). According to this agreement, the Parties may take up to 20 depositions without leave of court. The Parties reserve the right to seek leave of Court to exceed this stipulated limitation if necessary.

The Parties do not currently anticipate any other changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The Parties reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

### G.      Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))

In accordance with Rule 26(f)(3)(F), the Parties have discussed the need for other discovery or scheduling orders under Rules 26(c), 16(b), and 16(c). The Parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

### H.      Proposed Discovery Schedule (C.D. Local Rule 26-4(f); 11/9/22 Order (ECF No. 58))*

The Parties propose the following discovery deadlines:

| | |
|---|---|
| Exchange of Initial Disclosures | January 6, 2023 |
| Initial Expert Disclosures & Report | August 9, 2023 |
| Rebuttal Expert Disclosures & Report | September 8, 2023 |
| Expert Discovery Cut-Off | October 6, 2023 |

* For the Parties' full list of proposed deadlines, see Exhibit A attached hereto.

Non-Expert Discovery Cut-Off                October 6, 2023

## II. PROPOSED MOTION SCHEDULE (C.D. LOCAL RULE 21-1(b))

Plaintiff's Position

Plaintiffs anticipate filing a motion for summary judgment and/or motion for partial summary judgment. Plaintiff requests that the deadline for dispositive motions be set for November 21, 2023.

Defendants' Position

The defendants intend to file a motion for summary judgment or for partial summary judgment. The defendants concur in the proposed deadline of November 21, 2023 for the filing of said motions.

## III. SETTLEMENT EFFORTS (11/9/22 ORDER (ECF NO. 58)); SELECTION OF ADR PROCEDURES (C.D. LOCAL RULE 21-1(c))

To date, the Parties have not engaged in any efforts to settle or otherwise resolve this matter. The Parties discussed the potential for settlement at the Rule 26 conference, and they remain amenable to further settlement discussions. If ADR is mandated by this Court or the Parties wish to engage in ADR, the Parties agree to Procedure No. 1 (i.e., settlement conference before the district judge or magistrate judge assigned to the case).

## IV. TRIAL ESTIMATE (C.D. LOCAL RULE 21-1(d)); FINAL PRETRIAL CONFERENCE (11/9/22 ORDER (ECF NO. 58))

The Parties anticipate that the trial should take 4-5 days. The Parties request that this Court set the Final Pretrial Conference for February 27, 2024.

## V. ADDITIONAL PARTIES TO BE ADDED (C.D. LOCAL RULE 21-1(e))

Neither party intends to add additional parties at this time.

## VI. TRIAL TYPE (11/9/22 ORDER (ECF NO. 58))

The Parties have both demanded and agreed that the trial will be by jury.

## VII. OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE

None.

/ / /

JOINT RULE 26(f) REPORT

**VIII.  PROPOSALS RE: SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

The Parties agree that there is no reason to sever or bifurcate any of the remaining issues at this time.

**IX.   PRINCIPAL ISSUES IN THE CASE**

Plaintiff's Statement of Issues

(1)     Second Claim for Relief (Violation of Fourth Amendment): Whether the County violated Plaintiff's Fourth Amendment right to be free from unlawful seizures by imposing a fee before releasing seized firearms to a rightful non-indicted owner?

(2)     Second Claim for Relief (Violation of Fourth Amendment): Whether Defendants Waldron and Roth violated Plaintiff's Fourth Amendment right to be free from unlawful seizures by damaging her firearm property during the initial seizures?

(3)     Third Claim for Relief (Negligence): Whether Defendants County, Waldron, and Roth negligently breached their legal duty to use due care in transporting and storing Plaintiff's seized property causing damage to Plaintiff's seized property and resulting in lost value to that property?

(4)     Fourth Claim for Relief (Breach of Bailment): Whether Defendants County, Waldron, and Roth, who had sole actual and physical possession and custody of Plaintiff's seized property, breached their bailment of Plaintiffs' seized property by failing to adequately care for the property during transportation and storage, causing damage to Plaintiff's seized property?

(5)     Fifth Claim for Relief (Trespass to Chattels): Whether Defendants County, Waldron, and Roth wrongfully interfered with Plaintiff's interest in her firearm property, by their refusal to return said property until Plaintiff agreed to pay (and did pay) an excessive fine and by causing significant damage to said property?

Defendants' Statement of Issues

(1)     Plaintiff's Second Claim for Relief (Violation of Fourth Amendment): Whether the Plaintiff's evidence proves that the County violated Plaintiff's Fourth Amendment right to be free from unlawful seizures by imposing a fee before releasing

6

seized firearms to a rightful non-indicted owner? Whether the County of Los Angeles maintained an unconstitutional policy which was the moving force behind the alleged Fourth Amendment violation?

(2)     Plaintiff's Second Claim for Relief (Violation of Fourth Amendment): Whether Defendants Waldron and Roth violated Plaintiff's Fourth Amendment right to be free from unlawful seizures by damaging her firearm property during the initial seizures? Whether Defendants Waldron and Roth are entitled to qualified immunity for the conduct alleged to have caused a violation of the Plaintiff's Fourth Amendment rights?

(3)     Plaintiff's Third Claim for Relief (Negligence): Whether the Plaintiff's evidence proves that Defendants County, Waldron, and Roth owed the Plaintiff a legal duty of care when seizing, storing and transporting the property seized in this case? Whether the defendants breached said duty of care? Whether the Plaintiff sustained damage to the seized property?  Whether the defendants were the legal and proximate cause of the damage to the seized property? Whether the Plaintiff or other persons caused or contributed to the alleged damage to the seized property? Whether there should be an apportionment of fault and or contribution for the damages to the seized property? Whether the defendants are entitled to immunity for reasonable conduct, the exercise of discretion, damages resulting from the investigation of a crime, and the execution of a public statute pursuant to Government Code sections 820.4, 820.2, 821.6, as well as other provisions of the Government Claims Act?

(4)     Plaintiff's Fourth Claim for Relief (Breach of Bailment): Whether the Plaintiff's evidence proves that Defendants County, Waldron, and Roth, entered into a bailment with regard to the seizure of the property in question? Whether the defendants breached the bailment of the seized property?  Whether the defendants are entitled to immunity for reasonable conduct, the exercise of discretion, damages resulting from the investigation of a crime, and the execution of a public statute pursuant to Government Code sections 820.4, 820.2, 821.6, as well as other provisions of the Government Claims Act?

(5)     Plaintiff's Fifth Claim for Relief (Trespass to Chattels): Whether the Plaintiff's evidence proves that Defendants County, Waldron, and Roth wrongfully interfered with Plaintiff's interest in the seized property, by their refusal to return said property until Plaintiff paid the statutory fee? Whether the Plaintiff's evidence proves that Defendants County, Waldron, and Roth wrongfully interfered with Plaintiff's interest in the seized property by causing significant damage to said property?  Whether the defendants are entitled to immunity for reasonable conduct, the exercise of discretion, damages resulting from the investigation of a crime, and the execution of a public statute pursuant to Government Code sections 820.4, 820.2, 821.6, as well as other provisions of the Government Claims Act?

## X.     AMENDMENTS TO THE PLEADINGS

Neither party anticipates further amendments to the pleadings at this time, but each party reserves their right to stipulate to or move this Court for leave to amend in the future.

## XI.    ISSUES THAT MAY BE DETERMINED BY MOTION

Plaintiff's Position

Plaintiff believes that her claim against the County for violating the Fourth Amendment by imposing a fee before releasing the firearms to a rightful non-indicted owner may be able to be determined by motion. It is also possible, but perhaps less likely, that the remaining claims against Defendants Waldron and Roth for violating the Fourth Amendment by damaging her property during the initial seizures and the state law claims against all remaining Defendants may also be determined by motion.

Defendants' Position

The defendants believe that the issues of Monell liability and Qualified immunity on each of the Fourth Amendment claims can be resolved by motion. The defendants also believe that the issues of statutory duties of care, and statutory immunities under the California Government Claims Act can also be resolved by motion.

/ / /

1

**XII.   CONSENT TO MAGISTRATE JUDGE**

2
3

       The Parties do not agree to consent to a Magistrate Judge presiding over this action for all purposes, including trial.

4

5

Dated: December 29, 2022         MICHEL & ASSOCIATES, P.C.

6

7

                                  */s/ Anna M. Barvir*
                                    Anna M. Barvir
                                    Counsel for Plaintiff Ana Patricia

8

                                    Fernandez

9

Dated: December 29, 2022         LOGAN MATHEVOSIAN & HUR, LLP

10

                                    */s/ Amber A. Logan*

11

                                    Amber A. Logan
                                    Attorney for Defendants County of Los

12

                                    Angeles, Wyatt Waldron, and John Roth

13

14

**ATTESTATION OF E-FILED SIGNATURES**

15
16
17
18

       I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this JOINT RULE 26(f) REPORT. In compliance with Central District of California L.R. 5-4.3.4, I attest that all signatories are registered CM/ECF filers and have concurred in this filing.

19

20

Dated: December 29, 2022         */s/ Anna M. Barvir*
                                    Anna M. Barvir

21
22
23
24
25
26
27
28

JOINT RULE 26(f) REPORT

# SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. 2:2O-cv-09876 DMG (PDx)          Case Name: *Fernandez v. County of Los Angeles, et al.*

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**   [ ] Court   [X] Jury<br><br>Duration Estimate: | March 26, 2024<br><br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | February 27, 2024<br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE |
|---|---|---|
| Amended Pleadings & Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | 4/13/2023 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | 10/6/2023 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | 11/21/2023 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | 8/9/2023 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | 9/8/2023 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | 10/6/2023 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | 1/30/2024 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | 2/6/2024 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | 2/13/2024 |
| Other: L.R. 16-2 Meeting of Counsel Deadline | at least 40 days before FPTC | 1/18/2024 |

**EXHIBIT A**

JOINT RULE 26(f) REPORT

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Fernandez, v. Los Angeles County, et al.*
Case No.:    2:20-cv-09876 DMG (PDx)

IT IS HEREBY CERTIFIED THAT:

  I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

  I am not a party to the above-entitled action. I have caused service of:

**JOINT RULE 26(f) REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Amber A. Logan
amberlogan@lmhfirm.com
lmh@lmhfirm.com
Logan Mathevosian & Hur LLP
3435 Wilshire Blvd., Suite 2740
Los Angeles, CA 90010
 *Attorneys for Defendants Los Angeles County,*
 *Wyatt Waldron, and John Roth*

  I declare under penalty of perjury that the foregoing is true and correct.

Executed December 29, 2022.

*Laura Palmerin*
Laura Palmerin

---

CERTIFICATE OF SERVICE